## William Holt v. The People.

*Challenge of jurors — statute in relation to — when error in decision open to review.*— The distinction between challenges of jurors for *cause* and for *favor* is practically abolished by the statute, (*Comp. L.*, §4400,) all challenges being now for cause, and to be tried in the same manner; and when there is no dispute about the facts upon which a challenge is based, the decision of the question is purely one of law, and open to review on exceptions.

*Challenge in criminal cases — doubts of impartiality.*— In a criminal case, upon the challenge of a juror, if the examination leaves a reasonable doubt of his impartiality, the defendant should have the benefit of the doubt, and the juror be excluded.

*Jurors presumed qualified.*— A person called as a juror is presumed to be qualified and impartial, and the party challenging assumes the burden of proving the contrary, and does not relieve himself of that burden until he has made out a *prima facie* case, or, in criminal cases, such a case as leaves the juror's impartiality in reasonable doubt.

*Opinion as cause of challenge.*— The law does not require a juror to be entirely unimpressed with *any* opinion as to the guilt or innocence of the person on trial, but simply that he shall not have an opinion of such fixed and definite character as to leave a bias on his mind that will preclude his giving due weight to the presumption of innocence.

Where, in a criminal case, a juror, being examined as to his competency, said, "I have formed a partial opinion as to the guilt or innocence of the prisoner, from rumors heard in the streets, but not a positive opinion;" — *Held*, That such statement did not establish the juror's incompetency.

*Heard April 28. Decided May 2.*

Error to the Recorder's Court of Detroit.

*J. Logan Chipman*, for plaintiff in error, cited: 16 *N. Y.*, 501; 1 *Arch. Cr. P. & P.*, (*Waterman's Notes*,) 551; *People v. Bodine*, 1 *Denio*, 307; *Ex parte Vermilyea*, 6 *Cow.*, 562; *People v. Vermilyea*, 7 *Cow.*, 121; *Com. v. Knapp*, 9 *Pick.*, 499; *People v. Mather*, 4 *Wend.*, 241; *Trimble v. State*, 2 *Greene*, 404.

*G. V. N. Lothrop*, for the People, cited: 1 *Burr's Trial*, 415; *Durell v. Mosher*, 8 *Johnson*, 445; *People v. Vermilyea*, 6 *Cow.*, 562; *S. C.*, 7 *Cow.*, 121; *People v. Mather*, 4 *Wend.*, 233; *People v. Bodine*, 1 *Denio*, 308; *People v. Honeyman*, 3 *Denio*, 123; *Freeman v. People*,

4 *Denio*, 34; *Smith v. Eames*, 3 *Scam.*, 77; *Gardner v. People*, 3 *Scam.*, 88; *McGregg v. State*, 4 *Blackf.*, 104; *Bradford v. State*, 15 *Ind.*, 347; *Thomson v. People*, 24 *Ill.*, 60; *Commonwealth v. Webster*, 5 *Cush.*, 297; *Moses v. State*, 10 *Humph.*, 458; *S. C.*, 11 *Humph.*, 232; *State v. Spencer*, 21 *N. J.*, 198; *Sam v. State*, 13 *Sm. & M.*, 194; *State v. Potter*, 18 *Conn.*, 171; *Osiander's Case*, 3 *Leigh*, 785; *State v. Williams*, 3 *Stew.*, 465; *State v. Benton*, 2 *Dev. & Bat.*, 213; *State v. Davis*, 29 *Mis.*, 397; *Rex v. Edmunds*, 4 *B. & Ald.*, 471.

COOLEY J.:

The defendant having been convicted, in the Recorder's Court of Detroit, on an information for murder, removes the case to this Court for review upon exceptions. The only question which the record presents is, whether the Circuit Judge holding the Court was correct in overruling a challenge to a juror. It appears, from the bill of exceptions, that " one Frederick H. Eberts was called, who was examined, upon his oath, relative to his competency to sit on the panel as a juror, and, upon his oath, did say: 'I have formed a partial opinion as to the guilt or innocence of the defendant, from rumors heard in the street, but not a positive opinion;' whereupon said respondent, by his counsel, did then and there challenge said Eberts for cause; and thereupon the said Circuit Judge ruled that the said Frederick H. Eberts was competent to sit as a juror on the panel for the trial of the said issue."

It is argued by the counsel for the People, that the challenge to Eberts must be regarded as a principal challenge, and not a challenge for favor; that a challenge for favor, though triable under our statute by the Court, presents for decision a question of fact, and that the conclusion arrived at cannot be reviewed, except so far as some question of law may be involved, which was

distinctly presented to and passed upon by the Court below, and which is now to be found in the record And as it does not appear by this record that any ruling upon points of law was required of the Court below, the defendant, if he insists that his challenge is for favor, has no standing in this Court. And, as a cause for principal challenge, the statement of the juror, it is said, is insufficient, because it does not, in itself, show such a state of mind — such absolute bias or favor — as disqualifies him.

Section 4400 of the Compiled Laws provides, that " in all cases of challenge for cause, such cause shall be immediately assigned, and the truth thereof shall be determined by the Court." This provision is in harmony with many others in the statutes, which have referred to the Court the trial of contested questions of fact, either absolutely, or at the option of the Court or of the parties. Unlike other provisions, however, the one in question does not point out any mode by which the decision of the Court, on any question of fact, can be reviewed by an appellate tribunal, nor does it require the Court, on the demand of the party, to find the facts in writing, with the conclusions of law therefrom, that it may be seen whether those conclusions are legitimate, or whether the error, if there be one, is one of fact or of law.

It is plain, we think, that, by this statute, the distinction between challenges for principal cause and to the favor is practically abolished. All are classed under the same general head of *challenges for cause*, and all are tried in the same manner. It is true that some of them will be of a character to present a naked question of law, while others will require the Court to enter upon the examination of disputed questions of fact; but the Court, in its decision, only declares that a sufficient cause for challenge does or does not exist, and is not required to classify it according to any previous distinctions. The

sufficiency of the cause will still be determined by common law rules; but neither the party, in making his challenge, nor the Court, in passing upon it, has any regard to the former classification.

If, as suggested by the counsel for the People, there may be difficulties in the way of a review of decisions on questions of fact, we do not think those difficulties are to be met with in a case like the present. Here the juror was himself placed upon the stand, and a single question put to him. It is upon his reply to that question that the Judge's decision was based. The facts were undisputed, and the question of their sufficiency, as a cause for challenge, was purely a question of law. The decision of the Judge upon that question is as fairly presented for review by the exception thereto as if the Judge had proceeded to find the facts in the words of the juror, and had then spread upon the record his conclusion that the state of mind in the juror thus found was not, as matter of law, a ground of disqualification.

This brings us to the main question in the case: whether the cause shown was sufficient. And, for the investigation of this, some principles were laid down by the counsel for the defendant on the argument, in the light of which it is urged that the examination should be made.

It is *first* said that the presumption of the innocence of the defendant is to avail him in all these preliminary inquiries, in so far that he is entitled to the benefit of all doubts. We concede that, on the question of guilt or innocence, the inquiry is to be conducted with this presumption prevailing; and that the burden of proof is upon the prosecution to overcome it, as respects all the facts necessary to constitute the offence. And we also think that, in criminal cases, whenever, after a full examination, the evidence given upon a challenge leaves a

reasonable doubt of the impartiality of the juror, the defendant should be given the benefit of the doubt.

But it must be borne in mind that a person called as a juror is presumed to be qualified and impartial, until the contrary is shown. The challenging party takes upon himself the burden of proving the disqualification, and he does not relieve himself of that burden until he has made out a *prima facie* case, or, in criminal cases, such a case, at the least, as leaves the juror's impartiality in reasonable doubt. It is not sufficient for him to prove facts, from which vague inferences of bias or favor can be drawn, and then demand that his adversary shall be concluded unless he rebuts those inferences by countervailing testimony.

It is *secondly* said that, in order to be qualified, a juror must come to the case with a mind entirely unimpressed with any opinion in respect to the guilt or innocence of the accused; and we are asked whether the existence of an opinion, to any degree, is consistent with the fairness and impartiality which the law demands in a juror.

We find nothing in the authorities, nor are we able to discover any reason, favoring the rule thus indicated. To require that jurors shall come to the investigation of criminal charges with minds entirely unimpressed by what they may have heard in regard to them, or entirely without information concerning them, would be, in many cases, to exclude every man from the panel who was fit to sit there. With the present means of information, the facts or rumors concerning an atrocious crime are, in a very few hours, or days at the farthest, spread before every man of reading and intelligence within the district from which jurors are to be drawn — and over the whole country, if the atrocity be especially great. And there are some crimes so great and striking, that even the most ignorant will have information and impressions in regard to

them; and the rule, as stated, applied to such cases, would render the impaneling of a jury for their trial impossible, and make their very enormity a complete protection from punishment.

Without attempting or desiring to lay down rules for all cases, it is sufficient for us to say that the showing, in the present case falls far short of establishing cause for challenge. The juror is shown to have formed a partial opinion, but not a positive opinion. This opinion was not based upon anything he had himself witnessed, or from information derived from those who claimed to know the facts, but upon street rumors. Now, when a person says he has formed, from street rumors, a partial, but not a positive opinion, we think he is to be understood as speaking only of those impressions which every one receives insensibly when a charge of crime is made, but which, so far from amounting to settled conviction, do not in the least preclude an impartial examination of the facts, when afterwards presented in the form of legal testimony. We understand him to speak of that class of impressions which were held by Chief Justice Marshall to be no ground for excluding a juror: "Those light impressions, which may be fairly supposed to yield to the testimony that may be offered," and "which may leave the mind open to a fair consideration of the testimony" — not of "those strong and deep impressions, which will close the mind against the testimony that may be offered in opposition to them — which will combat that testimony, and resist its force." — 1 *Burr's Trial*, 416. See, also, *Osiander's Case*, 3 *Leigh*, 785; *Smith v. Eames*, 3 *Scam.*, 78; *Bradford v. State*, 15 *Ind.*, 351; *State v. Potter*, 18 *Conn.*, 174–5.

But it is not necessary to enter upon a careful examination and analysis of this statement of the juror, in order to ascertain the precise meaning he intended to

convey, since it is clear the defendant has failed to show that the opinion formed was of that fixed and definite character which would leave such a bias upon his mind as to preclude his giving due weight to the presumption of innocence with which the law surrounds the accused. "The mere statement of a juror, that he has formed an opinion, is not sufficient to disqualify him." — *Moses v. State*, 10 *Humph.*, 458. Further inquiries might possibly have shown that it was of a nature to constitute disqualification; but the defendant did not see fit to make them, and the prosecution was not called upon to enter upon the investigation if the defendant left it imperfect, and before he had made out a *prima facie* cause for exclusion. Where the answer of the juror is fairly susceptible of a construction consistent with his impartiality, the challenging party, if he claims that a different construction should be put upon it, should follow up his inquiries, so as to elicit the real facts; and he cannot reasonably require that the juror should be excluded on the ground that the examination, which he has chosen to leave imperfect, does not exclude all inference of bias.

We think the exception not well taken, and that judgment should be given on the verdict.

CHRISTIANCY and CAMPBELL JJ. concurred.

MARTIN, Ch. J. was absent.