BLISS *v.* CAILLE BROTHERS CO.

149    601
f155   5231
155    480

149   601
s158  212

1. APPEAL AND ERROR — ASSIGNMENTS — DISQUALIFICATION OF JUDGE—SUFFICIENCY.

An assignment that the circuit judge erred in entering judgment and in hearing and determining motions to vacate the same when he was disqualified, by relationship with the plaintiffs, to do so, is sufficient in form to raise the question of the disqualification of the judge and the consequent invalidity of the judgment.

2. JUDGES—DISQUALIFICATION—RELATIONSHIP TO PARTY—EFFECT ON JUDGMENT.

Judgments and orders made by a judge who is disqualified by relationship to a party are not voidable merely, but are void, and subject to collateral attack.

3. APPEAL AND ERROR— ERRORS ASSIGNABLE — DISQUALIFICATION OF JUDGE.

The disqualification of the judge who entered a judgment, by reason of relationship to the plaintiff, suggested in this court after the return of the writ of error, is an error of fact assignable on the writ of error.

4. STATUTES—CONSTRUCTION—ADOPTION FROM SISTER STATE—COMMON LAW.

Where a statute adopted from another State requires aid from the common law, the judicial interpretation of the statute, given by the courts of that State, does not bind the courts of this State to the extent of determining the rule of common law applicable to the statute.

5. JUDGES—DISQUALIFICATION—RELATIONSHIP TO PARTY.

A judge is disqualified to hear and determine a case in which a blood relative of his wife within the ninth degree is a party, but he is not disqualified if the relationship arises merely from marriage of the party with the blood relative of his wife.

6. SAME—PARTIES—NOMINAL PARTIES—EXECUTORS AND LEGATEES.

Where a suit brought by a testator in his lifetime is continued in the name of his executrix, who is also his widow and a preferred and residuary legatee, she is not merely a nominal party, but is a party in interest, and a judge related to her by affinity within the prohibited degree is disqualified to act,

though he was not so disqualified with reference to the testator.

7. SAME—STATUTES—CONSTRUCTION—SAGINAW COUNTY.
Sections 276–284, 1 Comp. Laws, providing, among other things, that in Saginaw · county "all cases made, motions for new trials and bills of exceptions and settlement of cases for review * * * shall be heard, settled, and certified by the judge before whom the trial or hearing was had" do not require that the judge who entered a judgment must hear and determine a motion to vacate the same where, by reason of a change in parties, he has become disqualified since the entry of the judgment.

Error to Saginaw; Gage (William G.), J. Submitted June 7, 1907. (Docket No. 14.) Decided October 4, 1907.

Garnishment proceedings by Allaseba M. Bliss and Lorenzo T. Durand, executors of the last will and testament of Aaron T. Bliss, deceased, against the Caille Brothers Company, Wilber W. Steele, and A. Arthur Caille, copartners as the Caille Company, and Wilber W. Steele, A. Arthur Caille, and Adolph A. Caille, as garnishee defendants of Silas W. Tyler and Fred B. Tyler. There was judgment for plaintiffs, and defendants bring error. Reversed.

Appellants are defendants in garnishment proceedings which have proceeded to judgment against them upon their default for want of appearance and disclosure. Execution has issued and property has been seized thereunder. The garnishment proceedings are ancillary to an action of assumpsit begun by Aaron T. Bliss in the circuit court for the county of Saginaw, in which county he resided, against two joint promisors, some time copartners, by the issuing of a summons and writ of attachment (3 Comp. Laws, § 10584), by serving one defendant personally within the jurisdiction of the court and by attaching, as appears by the return of the sheriff, real estate of the other (nonresident) defendant, against whom,

alone, the asserted ground for attachment existed, situated in said county. Judgment in the principal action was rendered for the resident defendant upon his plea of the statute of limitations and his discharge in bankruptcy, and against the other (nonresident) defendant, who did not appear. Appellants are charged as garnishees of the judgment debtor. They reside in the county of Wayne and the writ of garnishment was executed there.

In three several motions, in substantially the same form, entered in the court below, in each of which some of the garnishee defendants are the movers, it was asked that the judgment in the principal cause and in the garnishment proceeding, the defaults of the principal defendant and of the garnishee defendants, the service of the writs in both the principal and ancillary suits, be vacated and set aside, and that further proceedings under the execution levy be stayed pending the hearing. Reasons given for the relief sought are based upon the record and files in the several cases and upon affidavits, which it is claimed establish, among other facts, the one that the land upon which the writ of attachment was levied was not at that or at any other time the property of the nonresident judgment debtor. These motions coming on to be heard, they were denied. Thereupon appellants joined in suing out a writ of error and have separately assigned errors. No bill of exceptions was settled. In this court, a suggestion herewith set out was filed and brought to the notice of counsel for appellees:

"And now come the said Caille Brothers Company, a corporation, Wilber W. Steele, A. Arthur Caille, copartners, doing business as the Caille Company, Wilber W. Steele, A. Arthur Caille, and Adolph A. Caille, the garnishee defendants in the above-entitled cause, by Jonathan Palmer, Jr., their attorney, and respectfully show to the court that the Honorable William Glover Gage, one of the judges of the circuit court for the county of Saginaw, who heard and decided the several motions of said garnishee defendants to vacate the proceedings in said cause and who made the orders overruling said mo-

tions and rendered the judgment against Fred B. Tyler, one of the principal defendants, and the judgment against the said garnishee defendants, was related within the ninth degree, to wit, second cousin to Aaron T. Bliss in his lifetime, and to his widow, Allaseba M. Bliss, one of the executors of the estate of the said Aaron T. Bliss, and one of the plaintiffs in the above-entitled cause and the principal legatee under the will of the said Aaron T. Bliss, and that said William Glover Gage was disqualified by reason of said relationship to sit as judge and hear and determine the matters involved in said case.

"This suggestion is based upon the affidavits of Silas W. Tyler, A. Arthur Caille, and Wilber W. Steele hereto attached."

The most that is claimed for the affidavits is that they show that Judge Gage and Aaron T. Bliss married second cousins; that such relationship as was thereby created existed when these suits were begun and when the judgments were rendered; that Allaseba M. Bliss is widow and legatee of Aaron T. Bliss, who died after the judgments were rendered and before the said motions were made, and the executrix of his last will and testament, who has by virtue of her office succeeded her husband upon the record as plaintiff in the actions. It does not appear that Mr. and Mrs. Bliss had children born of their marriage. The matter suggested was not brought to the attention of Judge Gage, and it is not claimed that he was cognizant of the exact relationship existing between his wife and Mrs. Bliss or that he was in fact, not indifferent. The suggestion as limited by the affidavits has not been controverted (3 Comp. Laws, § 10402), and the fact of the relationship, above stated, is not disputed. There is returned with the writ of error the record of the proceedings in said suits, the motions and the order made with reference to them, the affidavits used in support of the motions and in opposition thereto. It is assigned as error that the circuit judge entered the various judgments and heard and determined the motions to vacate the same when he was disqualified, by relationship with the plaintiffs, so to do. The only other assignment of error is

based upon the refusal of the court to grant the motions. Appellees moved in this court to dismiss the writ of error and to strike from the files the said suggestion and affidavits.   These motions are pending.

*Jonathan Palmer, Jr.* (*Elbridge F. Bacon* and *Russell B. Thayer,* of counsel), for appellants.

*John A. McKay* (*Gray & Gray* and *L. T. Durand,* of counsel), for appellees.

OSTRANDER, J. (*after stating the facts*).   We regard the first assignment of error sufficient in form to raise the question of the disqualification of the judge and the consequent invalidity of the judgments.   It is contended that we are not at liberty to consider this question.   The motions which have been referred to were made November 28, December 8, and December 15, 1906, were heard December 29, 1906, and determined January 21, 1907, an opinion being filed.   The writ of error was issued February 20, 1907, and was returnable March 29, 1907.   The suggestion filed in this court is dated April 6, 1907, and the affidavits in support thereof were made March 26, 1907, and April 5, 1907, respectively.   Two of the deponents, garnishee defendants, who join in an affidavit, say that about February 1, 1907, they first heard a rumor to the effect that Judge Gage was related by marriage to Aaron T. Bliss and Allaseba M. Bliss, and was disqualified, but were unable to obtain positive information until on or about March 26, 1907.   One of the persons from whom they learned the fact of the said relationship was Silas W. Tyler, who made the other affidavit, was one of the defendants in the original suit, and is father of the judgment debtor, who avers that on March 26, 1907, he learned the fact from Mrs. Bliss.   The fact upon which disqualification is predicated was not then discovered or suspected by appellants until after the entry of the orders denying their motions.   The earliest opportunity, therefore, for presenting the point was after the last action

taken by the judge and any motion or suggestion thereafter made in the court below could have resulted in nothing more than a confirmation of the alleged facts by admission on the part of the judge, or a denial of the facts or of the legal consequences asserted. Judgments and orders made by a disqualified judge are not voidable merely, but are void. They may be collaterally attacked and the objection, if not taken before decision is rendered, is available in the appellate court. See *Teller* v. *Wetherell*, 6 Mich. 46; *Peninsular R. Co.* v. *Howard*, 20 Mich. 18; *Horton* v. *Howard*, 79 Mich. 642; *Shannon* v. *Smith*, 31 Mich. 451; *Post* v. *Black*, 5 Denio (N. Y.), 66; *Dimes* v. *Grand Junction Canal*, 3 H. of L. Cas. 759; *Mercers, etc., Co. of Chester* v. *Bowker*, 1 Strange, 639; Cooley on Constitutional Limitations (7th Ed.), p. 595; 23 Cyc. p. 583; 11 Enc. Pl. & Pr. p. 781 et seq., and notes. We are of opinion that the point is before us for decision.

Was the judge disqualified by reason of his relationship to the plaintiff? A principal challenge to a juror, at the common law, was one where the cause assigned carried with it prima facie evidence either of malice or of favor to one of the parties. There were, also, challenges to the favor, which depended upon some asserted or disclosed circumstances of suspicion, the validity of which was determined by triers who found whether the juror was or was not indifferent. Among the principal challenges recognized was one predicated upon the relationship of the juror to a party. Blackstone says a juror was disqualified who was *of kin* to either party within the ninth degree. Chief Justice CHAMPLIN so stated the rule (obiter as to the degree), in *Horton* v. *Howard*, supra. Blackstone also treats consanguinity and kindred as terms to be defined alike. Book 2, chap. 14. Unlike the common law, our statute (3 Comp. Laws, § 10238) provides for peremptory challenges and it has been held that, therefore, the distinction between challenges for principal cause and to the favor is practically abolished. *Holt* v. *People*, 13

Mich. 226.   All challenges are for cause, and if the facts
upon which the challenge is based are undisputed the
decision of the question is one of law, and open to review
on exceptions.   *Holt* v. *People,* supra.   We have no
statute presumptions of disqualification of jurors on the
ground of relationship, and are left to inquire whether
among the rules of the common law in force in this State
there are any for determining the question. presented as
one of law.   The cases of *Hasceig* v. *Tripp,* 20 Mich.
216; *People* v. *Harding,* 53 Mich. 48; *Horton* v.
*Howard,* supra, refer to the common law for rules of
decision without, however, stating *a rule.*   And in the
first and last of these cases the relationship alleged was
one of blood.

Our statute disqualifies a judge from sitting in a case
in which he would be excluded from being a juror by
reason of consanguinity or affinity to either of the parties.
1 Comp. Laws, § 1109.   Judge Gage was not related by
consanguinity to Aaron T. Bliss and is not so related to
Mrs. Bliss.   It is unnecessary to do more than refer briefly
to the origin and history of the legal doctrine of affinity.
It grew out of canonical maxim that sexual union makes
man and woman one flesh.   The application of the maxim,
especially as affecting marriage, divorce, and the legitimacy
of children, gave rise to rules, the intricacy of which is
proof of the amazing ingenuity of the churchmen.   The
rules varied with different periods.   The temporal courts
were sometimes recalcitrant in adopting those which were
formulated, and it is not always easy to determine the
degrees of relationship established by these rules within
which, at a particular time, marriage was prohibited.
But the notion obtained, to some extent, that relationship
other than by blood might be so intimate that of itself it
ought to prevent officers and jurors from acting in matters
in which their relatives were interested.   Courts were
called upon frequently to determine whether the challenge
of a juror or of an array of jurors was a principal chal-
lenge or one to the favor, and in so doing apparently in-

troduced some confusion into the law as they recognized or failed to recognize some canonical rule of affinity. Since our statute, in terms, recognizes the doctrine and does no more, we must determine how much of it, applicable to a case like the one before us, survives, in doing which we are bound by the rule of no period and by the determination of no court. We are bound to consider and give effect to the changes in the common law made by our statutes in respect to the relations with which the doctrine was intimately associated. We should keep in mind, also, the fact that the use of the doctrine attempted is for the purpose only of determining whether in support of a high public policy affecting the administration of the law a juror or a judge should be regarded as indifferent or as biased.

An examination of authorities has led to the conclusion that the doctrine of affinity relationship should be limited by the following rule: Affinity is the relation existing in consequence of marriage between each of the married persons and the blood relatives of the other, and the degrees of affinity are computed in the same way as those of consanguinity or kindred. A husband is related, by affinity, to all the blood relatives of his wife, and the wife is related, by affinity, to all the blood relatives of the husband. See Bouvier Law Dictionary, p. 112; 1 Am. & Eng. Enc. Law (2d Ed.), p. 911; 2 Cyc. p. 38; 23 Cyc. p. 583; 24 Cyc. p. 274; 1 Words and Phrases Judicially Defined, p. 245. It is true our statute was adopted from the State of New York, and that when adopted here it had received judicial interpretation by the courts of that State (*Foot* v. *Morgan*, 1 Hill [N. Y.], 654; *Paddock* v. *Wells*, 2 Barb. Ch. [N. Y.] 332), and that in the last-mentioned case, at least, a different rule was stated obiter. But the judicial interpretation which can be said to be binding upon the courts of this State extended only to the point of determining that the statute must be aided by the common law. The particular rule of common law adopted and in force in this State is not to be determined author-

itatively by courts of another State. The rule above stated is the rule of decision in both of the New York cases above cited, as well as in *Higbe* v. *Leonard*, 1 Denio (N. Y.), 186, decided in 1845. The other and further rule stated, obiter, in *Paddock* v. *Wells*, to the effect that "relationship by affinity may also exist between the husband and one who is connected by marriage with a blood relative of the wife," is based upon very remote, and is opposed to the weight of modern authority. We must decline to hold that the fact that two men, unrelated, marry wives who are second cousins, establishes between them a relation by affinity.[1]

. We conclude, therefore, that Judge Gage is related by affinity to Mrs. Bliss; that he was not related by affinity to Aaron T. Bliss. He was not disqualified to hear and determine the causes or to enter the judgments sought to be vacated. It is conceded that he was disqualified to hear and determine the motions to vacate the judgments unless Mrs. Bliss is regarded as a nominal party, unless, also, an exception of necessity must be made because of the statute (1 Comp. Laws, §§ 276–284), which provides, among other things, that in Saginaw county—

"All cases made, motions for new trials and bills of exceptions and settlement of cases for review,   *   *   *   shall be heard, settled and certified by the judge before whom the trial or hearing was had."

Mrs. Bliss is not a nominal party. She is beneficially interested in the estate of her husband as a preferred and as a residuary legatee. 23 Cyc. pp. 584, 585. It is well established that the rule of disqualification of judges must yield to the demands of necessity, as, for example, in cases where applied it would destroy the only tribunal in

---

[1] "The groom and bride each comes within
    The circle of the other's kin;
    But kin and kin are still no more
    Related than they were before."
—Bleckley, C. J.   *Central Railroad & Banking Co.* v. *Roberts*, 91 Ga. 517.—REPORTER.

which relief could be had. See the cases collected in 23 Cyc. p. 581, note 76. The statute recognizes the possibility of the absence, illness, "or inability from other cause" of the judges, preventing the one to whom business is assigned from acting. See sections 281, 283. It would not be claimed that the death of one of the judges would prevent the settlement of exceptions, etc., in cases which had been tried before him. This statute and the one disqualifying judges must be read together, and so read may both of them be given effect. It results that the first assignment of error must, to the extent indicated, be sustained. As the judgments are not attacked for anything appearing of record in the matters in which they were rendered, but only by matters brought upon the record with the motions to vacate, and as the only other error assigned is that the court, in consideration of such matters of fact, should have vacated the judgments, there is no further question for our consideration. An order will be entered setting aside the orders overruling the motions of appellants, and reinstating the same for argument, with costs.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ.; concurred.