*542 MARKMAN, J.
We granted leave to appeal to consider whether defendant is entitled to a new trial on the basis that a convicted felon served as a juror in his original trial. The trial court held that defendant is not entitled to a new trial because he failed to establish actual prejudice. The Court of Appeals, on the other hand, held that defendant is entitled to a new trial because the presence of the convicted felon on his jury did prejudice him. We do not believe that the trial court abused its discretion in denying defendant’s motion for a new trial under these circumstances because the trial court did not clearly err in concluding that defendant failed to establish that he was actually prejudiced. Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the Court of Appeals for it to address defendant’s remaining issues.
I. FACTS AND PROCEDURAL HISTORY
Following a jury trial, defendant was convicted of first-degree criminal sexual conduct for forcing his then-girlfriend’s seven-year-old daughter to perform fellatio on him. Before sentencing, defendant learned that one of the jurors had concealed the fact that he had been convicted of assault with intent to commit criminal sexual conduct in 1991 and 1999 for having assaulted his sister and another person to whom he referred as an “adopted child” who was “more like a niece.” An evidentiary hearing was held. The juror in question stated that he did not reveal his prior convictions on his juror questionnaire because they were old and he did not believe that they were even on his record anymore.[1] He further stated that because he had pleaded guilty in both of his criminal cases, he had *543 never before been through a jury selection process. When asked whether he had been intentionally untruthful so that he could sit as a juror, he answered, “no,” and he indicated that he “didn’t really want to sit on the panel in the first place . . . .” The juror further testified that he had tried to be fair during the trial and that he never tried to improperly persuade the jury. Following this testimony, the trial court denied defendant’s motion for a new trial, ruling that there was no evidence that defendant had suffered actual prejudice.[2] The trial court explained that if the parties had known about the juror’s past convictions, the prosecutor, not the defendant, would have most likely been the one seeking to excuse this juror. On appeal, the Court of Appeals reversed defendant’s conviction and remanded for a new trial on the basis of juror misconduct.[3] *544 Unpublished opinion per curiam, issued January 17, 2008 (Docket No. 273488). We granted the prosecutor’s application for leave to appeal and limited the issues to:
(1) whether the Court of Appeals erred in reversing the defendant’s conviction and remanding this case to the circuit court for a new trial pursuant to People v DeHaven, 321 Mich 327 (1948); (2) whether DeHaven was wrongly decided or has been superseded by MCL 600.1354(1); (3) whether a criminal defendant must establish actual prejudice pursuant to MCL 600.1354(1) where the challenged juror was excusable for cause; (4) how the “actual prejudice” standard for purposes of MCL 600.1354(1) should be defined; and (5) whether the juror’s failure to disclose his status as a felon, which disqualified him from serving on the jury, constituted structural error pursuant to Neder v United States, 527 US 1 (1999). [481 Mich 851, 851-852 (2008).]
II. STANDARD OF REVIEW
A trial court’s factual findings are reviewed for clear error. People v Cress, 468 Mich 678, 691; 664 NW2d 174 (2003). “Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made.” People v Johnson, 466 Mich 491, 497-498; 647 NW2d 480 (2002). A trial court’s decision to deny a motion for a new trial is reviewed for an abuse of discretion. Cress, 468 Mich at 691. An abuse of discretion occurs only “when the trial court chooses an outcome falling outside [the] principled range of outcomes.” People v Babcock, 469 Mich 247, 269; 666 NW2d 231 (2003).
III. ANALYSIS
There are several statutory qualifications that a person must satisfy in order to be eligible to serve as a juror. MCL 600.1307a(l) provides:
To qualify as a juror a person shall:
*545 (a) Be a citizen of the United States, 18 years of age or older, and a resident in the county for which the person is selected, and in the case of a district court in districts of the second and third class, be a resident of the district.
(b) Be able to communicate in the English language.
(c) Be physically and mentally able to carry out the functions of a juror. Temporary inability shall not be considered a disqualification.
(d) Not have served as a petit or grand juror in a court of record during the preceding 12 months.
(e) Not have been convicted of a felony. [Emphasis added.]
If a potential juror does not satisfy one of these statutory qualifications, a party may challenge the potential juror for cause. MCR 2.511(D)(1). There are also several other grounds that would justify a challenge for cause. MCR 2.511(D) provides, in pertinent part:
It is grounds for a challenge for cause that the person:
(1) is not qualified to be a juror,
(2) is biased for or against a party or attorney;
(3) shows a state of mind that will prevent the person from rendering a just verdict, or has formed a positive opinion on the facts of the case or on what the outcome should be;
(4) has opinions or conscientious scruples that would improperly influence the person’s verdict;
(5) has been subpoenaed as a witness in the action;
(6) has already sat on a trial of the same issue;
(7) has served as a grand or petit juror in a criminal case based on the same transaction;
(8) is related within the ninth degree (civil law) of consanguinity or affinity to one of the parties or attorneys;
(9) is the guardian, conservator, ward, landlord, tenant, employer, employee, partner, or client of a party or attorney;
*546 (10) is or has been a party adverse to the challenging party or attorney in a civil action, or has complained of or has been accused by that party in a criminal prosecution;
(11) has a financial interest other than that of a taxpayer in the outcome of the action;
(12) is interested in a question like the issue to be tried. [Emphasis added.]
MCR 6.412(D)(2) provides that if “the court finds that a ground for challenging a juror for cause is present, the court on its own initiative should, or on motion of either party must, excuse the juror from the panel.” Similarly, MCL 600.1337 states that “[wjhen the court finds that a person in attendance at court as a juror is not qualified to serve as a juror, or is exempt and claims an exemption, the court shall discharge him or her from further attendance and service as a juror.” Finally, MCL 600.1354(1) states, in pertinent part:
Failure to comply with the provisions of this chapter shall not... affect the validity of a jury verdict unless the party ... claiming invalidity has made timely objection and unless the party demonstrates actual prejudice to his cause and unless the noncomplianee is substantial. [Emphasis added.]
In the instant case, because the juror in question was a convicted felon, he was not statutorily qualified to serve as a juror under MCL 600.1307a(l)(e). However, as a result of the juror’s false answers on his juror questionnaire, neither of the parties nor the tried court had any knowledge of the juror’s felony convictions, and, thus, the parties did not challenge the juror pursuant to MCR 2.511(D)(1) and the trial court did not discharge the juror pursuant to MCL 600.1337 and MCR 6.412(D)(2). Accordingly, the issue here is whether defendant is entitled to a new trial as a result of this convicted felon having served on his jury.
*547 Although a criminal defendant has a constitutional right to be tried by an impartial jury, US Const, Am VI;[4] Const 1963, art 1, § 20,[5] a criminal defendant does not have a constitutional right to be tried by a jury free of convicted felons.[6] Instead, the right to a jury free of *548 convicted felons is granted by statute. And by statute, a violation of this “right” only requires a new trial if the defendant demonstrates that such a violation “actually] prejudice[d]” him. MCL 600.1354(1).[7]
A juror’s failure to disclose information that the juror should have disclosed is only prejudicial if it denied the defendant an impartial jury.[8] “[Defendants] are not *549 entitled to a new trial unless the juror’s failure to disclose denied [the defendants] their right to an impartial jury.” McDonough Power Equip, Inc v Greenwood, 464 US 548, 549; 104 S Ct 845; 78 L Ed 2d 663 (1984). “ ‘The misconduct must be such as to reasonably indicate that a fair and impartial trial was not had . . . .’ ” People v Nick, 360 Mich 219, 230; 103 NW2d 435 (1960), quoting 39 Am Jur, New Trial, § 70, p 85.[9]
In Froede v Holland Ladder & Mfg Co, 207 Mich App 127, 135; 523 NW2d 849 (1994), the Court of Appeals held that actual prejudice was established because the juror at issue had deliberately misrepresented her criminal history on the juror questionnaire and had previously hired an assassin to kill a drug informant who had agreed to testify against the juror’s ex-husband (a notorious drug kingpin). However, the Court of Appeals “caution[ed] that our opinion is not to stand for the proposition that prejudice will always be found when a convicted felon makes a misrepresentation on a juror questionnaire or at voir dire.” Id. The Court of Appeals clearly indicated that its bases for finding actual prejudice were the juror’s deliberate misrepresentation and the nature of the juror’s criminal history, i.e., she hired an assassin to kill a potential witness. Id.[10]
*550 In People v Carey, 110 Mich App 187, 193; 312 NW2d 205 (1981), the Court of Appeals held that the trial court did not err in failing to declare a mistrial when it was discovered shortly after deliberations had begun that one of the jurors was a convicted felon, in part because defendant did not demonstrate that he had been actually prejudiced. In reaching this conclusion, the Court of Appeals relied on the fact that the “juror testified that his convictions would not affect his ability to render an impartial verdict.” Id.[11]
As we explained earlier, defendants have a constitutional right to an impartial jury. However, as Justice COOLEY, writing for this Court, explained, jurors are “presumed to be. . . impartial, until the contrary is shown.” Holt v People, 13 Mich 224, 228 (1865). The burden is on the defendant to establish that the juror was not impartial or at least that the juror’s impartiality is in reasonable doubt. Id.[12]
*551 In Nick, the defendant argued that he was entitled to a new trial because one of the jurors had failed to disclose the fact that her father was an attorney practicing in the area and defense counsel had made some reference to her father during the trial. This Court held that the defendant was not entitled to a new trial because he had not established that the juror was not impartial. Nick, 360 Mich at 234. As this Court explained:
“[I]t is well established that not every instance of misconduct in a juror will require a new trial. The general principle underlying the cases is that the misconduct must be such as to affect the impartiality of the jury .... A new trial will not be granted for misconduct of the jury if no substantial harm was done thereby to the party seeking a new trial.... The misconduct must be such as to reasonably indicate that a fair and impartial trial was not had ....” [Id. at 230, quoting 39 Am Jur, New Trial, § 70, p 85.][13]
*552 In the instant case, defendant’s only complaint about the juror at issue in this case is that he is a convicted felon.[14] However, defendant has offered no evidence that the juror was not impartial. In Holt, 13 Mich at 229, the Court concluded that the juror’s own admission that he had formed a partial opinion regarding the defendant’s guilt before the trial even began was not *553 sufficient to rebut that juror’s impartiality.[15] If even such an admission is not sufficient to rebut the presumption of impartiality, we fail to see how a juror’s mere status as a convicted felon can be considered sufficient to rebut that presumption.
Defendant has not offered any evidence to demonstrate that he was prejudiced by the convicted felon’s presence on his jury.[16] That is, defendant has offered no *554 evidence to establish that the juror was partial. The juror testified that his status as a felon did not affect his deliberations and that he did not share this information with the other jurors or try to improperly persuade the rest of the jurors in any way.[17] There is simply no evidence that this juror improperly affected any other jurors. Furthermore, as the trial court explained, this juror would likely have been more harmful to the prosecutor than to defendant.[18] Having been previously convicted of similar offenses, the juror, if anything, likely would have been sympathetic towards defendant.[19] For these reasons, we do not believe that the *555 trial court clearly erred in ruling that defendant had not demonstrated that he was actually prejudiced by the convicted felon’s presence on his jury.[20]
*556 In addition, the presence of a convicted felon on defendant’s jury did not constitute structural error. A structural error is a “fundamental constitutional error[] that ‘def[ies] analysis by “harmless error” standards.’ ” Neder v United States, 527 US 1, 7; 119 S Ct 1827; 144 L Ed 2d 35 (1999) (emphasis added; citations omitted). Here, there was no constitutional error. As discussed above, there is no constitutional right to have a jury free of convicted felons. Therefore, that a convicted felon sat as a juror on defendant’s jury did not constitute a structural error.
The Court of Appeals in the instant case relied heavily on People v DeHaven, 321 Mich 327; 32 NW2d 468 (1948), People v Daoust, 228 Mich App 1; 577 NW2d 179 (1998), People v Manser, 250 Mich App 21; 645 NW2d 65 (2002), and People v Crear, 242 Mich App 158; 618 NW2d 91 (2000), to conclude that defendant is entitled to a new trial. However, none of those cases involved the question that is at issue here: whether the presence of a convicted felon on a defendant’s jury requires a new trial. Furthermore, none of those cases involved the application of MCL 600.1354(1) because none involved “failure[s] to comply with the provisions of [chapter 13 of the Revised Judicature Act, MCL 600.1300 et seq.],”[21] and because DeHaven was decided before MCL 600.1354(1) was even enacted.
In DeHaven, a case in which the defendant was charged with and ultimately convicted of raping his 13-year-old stepdaughter, two related jurors failed to disclose that one of their family members had been convicted of raping his 13-year-old daughter. The trial court found that the jurors had not been dishonest during voir dire, that they had indicated that they could *557 fairly and impartially sit as jurors, and that any prejudices the jurors did have would likely have benefitted the defendant anyway. For these reasons, the trial court denied the defendant’s motion for a new trial. This Court reversed.
After indicating that the “right to be tried by an impartial jury is a constitutional guaranty,” DeHaven concluded:
The normal person revolts at the thought of a father or stepfather raping a 13-year-old girl. We are of the opinion that the relationship of these two jurors to one who had committed a similar crime was such that it deprived them of the capacity to act impartially. Defendant has the right to a trial by an impartial jury. We cannot say that he had such a trial. [DeHaven, 321 Mich at 334.]
As discussed earlier, DeHaven is distinguishable from the instant case because the former did not involve a juror who was a convicted felon and it did not involve MCL 600.1354(1).[22] In addition, it appears that DeHaven reviewed de novo the question whether the two jurors were biased, rather than for clear error. As discussed above, an appellate court must review a trial court’s factual findings for clear error, Cress, 468 Mich at 691, and the appellate court should only reverse such *558 findings if it is “left with a definite and firm conviction that a mistake has been made.” Johnson, 466 Mich at 497-498. In DeHaven, the trial court determined that the jurors were not biased, but, even if they were, such bias would have benefitted the defendant. DeHaven, 321 Mich at 331. DeHaven, however, did not even mention the trial court’s factual findings in its analysis, and clearly reviewed the issue de novo. That is, DeHaven concluded that the jurors were biased and that they were biased against the defendant, without giving any significance to the fact that the trial court, which was obviously in the better position to determine whether the jurors were biased and against which party, had already concluded that the jurors were not biased, but, if they were, they were biased in favor of the defendant.
DeHaven also reviewed de novo, rather than for an abuse of discretion, the issue whether defendant was entitled to a new trial. As discussed earlier, a trial court’s decision to deny a motion for a new trial must be reviewed for an abuse of discretion. Cress, 468 Mich at 691. An abuse of discretion occurs only “when the trial court chooses an outcome falling outside [the] principled range of outcomes.” Babcock, 469 Mich at 269. In DeHaven, the trial court held that the defendant was not entitled to a new trial. However, DeHaven, without giving any significance at all to the trial court’s decision, held that the defendant was entitled to a new trial. That is, DeHaven clearly engaged in de novo review, rather than the abuse of discretion review that it should have.[23]
*559 Moreover, our “harmless error” jurisprudence has evolved significantly since DeHaven was decided in 1948. As explained in People v Bell, 473 Mich 275, 294; 702 NW2d 128 (2005) (opinion by CORRIGAN, J.), “our harmless error jurisprudence has evolved a great deal. . . .” Errors generally no longer require automatic reversal. Id., citing People v Carines, 460 Mich 750, 774; 597 NW2d 130 (1999). Instead, a preserved, nonconstitutional error is not a ground for reversal unless the defendant proves that it is “more probable than not that the error was outcome determinative.” People v Lukity, 460 Mich 484, 495-496; 596 NW2d 607 (1999). Even a preserved, constitutional error is generally not a ground for reversal if the prosecutor proves that the error was harmless beyond a reasonable doubt. People v Anderson (After Remand), 446 Mich 392, 406; 521 NW2d 538 (1994).[24] An unpreserved error is not a ground for reversal unless the defendant can demonstrate that the error was plain, that it affected the outcome, and that it resulted in the conviction of an actually innocent person or “ ‘ “seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings” ....’” Carines, 460 Mich at 763-764 (citations omitted).
With regard to the specific issue here, i.e., juror misconduct, this Court has held that “a verdict in a criminal case should not be upset because of alleged misconduct on the part of members of the jury unless ‘substantial harm’ has resulted . . . .” Nick, 360 Mich at 230. “ ‘ “[A litigant] is entitled to a fair trial hut not a perfect one” for there are no perfect trials.’ ” McDon *560 ough, 464 US at 553 (citations omitted). “We have ... come a long way from the time when all trial error was presumed prejudicial and reviewing courts were considered ‘ “citadels of technicality.” ’ ” Id. (citations omitted). “The harmless-error rules . .. embody the principle that courts should exercise judgment in preference to the automatic reversal for ‘error’ and ignore errors that do not affect the essential fairness of the trial.” Id. DeHaven, however, made absolutely no mention of any “harmless error” standard.
Finally, the crux of DeHaven's holding was that a defendant has a constitutional right to an impartial jury and, because the jurors at issue in DeHaven lacked the capacity to act impartially, the defendant was entitled to a new trial. DeHaven, 321 Mich at 334. There is no question that a criminal defendant has a constitutional right to be tried by an impartial jury. US Const, Am VI; Const 1963, art 1, § 20. However, the instant question is whether the presence of a convicted felon on defendant’s jury denied defendant his right to an impartial jury. For all the reasons noted earlier, DeHaven is neither binding nor persuasive precedent with regard to this question.[25]
In Daoust, the defendant was charged with two counts of first-degree child abuse on the basis of injuries that he inflicted on his girlfriend’s daughter. On the morning of the second day of defendant’s trial, during a break in the girlfriend’s testimony, one of the jurors indicated that he may have attended junior high school with the girlfriend. The trial court denied defendant’s request to remove the juror, and the Court of Appeals held that defendant was not entitled to a new trial. The Court of Appeals held that
*561 when information potentially affecting a juror’s ability to act impartially is discovered after the jury is sworn, the defendant is entitled to relief only if he can establish (1) that he was actually prejudiced by the presence of the juror in question or (2) that the juror was properly excusable for cause. [Daoust, 228 Mich App at 9 (emphasis added); see also Crear, 242 Mich App at 167, which cited this two-part test with approval.]
To the extent that in Daoust the Court of Appeals broadly states in dicta that a new trial is always required whenever a juror would have been excusable for cause, Daoust is wrong and is overruled.[26] As discussed earlier, the proper inquiry is whether the defendant was denied his right to an impartial jury. If he was not, there is no need for a new trial.
IV CONCLUSION
The trial court did not clearly err in finding that defendant failed to establish that he was actually prejudiced by the presence of a convicted felon on his jury, and, thus, the trial court did not abuse its discretion when it denied defendant’s motion for a new trial. Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the Court of Appeals for it to address defendant’s remaining issues.
Taylor, C.J., and Weaver, Corrigan, and Young, JJ., concurred with MARKMAN, J.

 The juror questionnaire asked, “Have you ever been a victim, witness, plaintiff or defendant in a criminal or civil suit?” It also asked, “Have you ever been convicted of a felony?” The juror answered “no” to both questions.

 During voir dire, defense counsel asked whether jurors had any family member or friend who was a lawyer, a judge, or anyone involved in the criminal justice system, such as a jail guard or prison guard. Because the juror did not believe that he fit into any of those categories, he did not answer the question affirmatively. During voir dire, the prosecutor asked whether jurors “had personal dealings with criminal sexual conduct in [their] immediate, close family to where — to the point where they think they can’t be fair in this kind of trial.” The juror did not answer this question affirmatively because he believed that he could be fair. The trial court determined that although the juror answered the questions on the juror questionnaire untruthfully, he did not answer any of the voir dire questions untruthfully given the examples and the qualifiers that were used by the attorneys in the potentially applicable questions. The trial court further concluded that the juror was not attempting to be deceitfiil and that he did not have any ulterior motives in answering the questions in the manner that he did.

 The Court of Appeals agreed with the trial court that
[w]hile the juror clearly misrepresented his status on the questionnaire with regard to criminal history,.. . the questions during voir dire, as framed and qualified, did not technically require the juror to divulge his past convictions, so it cannot be said that the juror lied or made a misrepresentation during voir dire. [Unpublished opinion per curiam, issued January 17, 2008 (Docket No. 2734888), p 2.]

 “In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury....” US Const, Am VI.

 “In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury ....” Const 1963, art 1, § 20.

 In United States v Uribe, 890 F2d 554, 562 (CA 1, 1989), the United States Court of Appeals for the First Circuit held that a “statutory violation — allowing a convicted felon to serve — did not implicate the fundamental fairness of the trial or the defendants’ constitutional rights.” “The fact that a juror technically should have been disqualified, and was not, does not automatically require a new trial.” Id. Instead, under such circumstances, the defendant is required to prove prejudice. Id.; see also 47 Am Jur 2d, Jury, § 152, p 759 (“The Sixth Amendment does not require automatic reversal of every conviction reached by a jury that included a felon.”); Anno: Disqualification or exemption of juror for conviction of, or prosecution for, criminal offense, 75 ALR5th 295, 310, § 3[b] (stating that several courts have “held that the constitutional right to a fair and impartial jury was not violated by the . .. failure to exclude convicted felons”); United States v Barker, 1999 US App LEXIS 9459, *3 (CA 4, 1999) (“Although convicted felons are statutorily excluded from jury service, a criminal defendant does not have a corresponding constitutional right to have convicted felons absolutely barred from serving on his jury. The Sixth Amendment only requires that the jury be free from bias.”) (citation omitted); Coleman v Calderon, 150 F3d 1105, 1117 (CA 9, 1998) (“The Sixth Amendment does not bar ex-felons from jury service.”), overruled on other grounds 525 US 141 (1998); Coughlin v Tailhook Ass’n, 112 F3d 1052, 1059 (CA 9, 1997) (“[T]he participation of a felon-juror is not an automatic basis for a new trial.”); United States v Boney, 314 US App DC 287, 289; 68 F3d 497 (1995) (“[T]he Sixth Amendment does not absolutely bar felon-jurors. Rather, the appropriate remedy for an allegation of juror bias is to hold an evidentiary hearing in order to determine whether the juror’s failure to disclose his felon status resulted in ‘actual bias’ to the defendant.”) (citation omitted); United States v Humphreys, 982 F2d 254, 261 n 5 (CA 8, 1992) (“ ‘The Sixth Amendment right to an impartial jury does not require an absolute bar on felon-jurors.’ ”) (citation omitted). The fact that before MCL 600.1307a(1)(e) was amended in 2002, convicted felons who had already *548 served their sentences were qualified to serve as jurors underscores that the “right” to a jury free of convicted felons is not a constitutional right.

 At oral argument before this Court, defense counsel argued that defendant was denied his right to a 12-member jury, see Const 1963, art 1, § 20; MCR 6.410(A), because the convicted felon was not qualified to serve as a juror. First, this issue is unpreserved, as defendant did not raise it until oral argument before this Court. Second, defendant fails to recognize that although MCL 600.1307a(l)(e) provides that a convicted felon is not qualified to serve as a juror, MCL 600.1354(1) provides that a violation of this rule “shall not.. . affect the validity of a jury verdict unless the party . . . claiming the invalidity ... demonstrates actual prejudice .. ..” The Legislature was free to decide to either allow or not allow convicted felons to serve as jurors. Accordingly, it was likewise free to allow a jury verdict obtained from a jury that included a convicted felon to not be automatically invalidated. That is, the Legislature was free to provide, as it did, that a 12-member jury that includes a convicted felon is nevertheless a 12-member jury. Furthermore, if the defendant were correct that every conviction that was obtained from a jury with an unqualified juror on it had to be reversed, all jury verdicts would be second-guessed. That is, every jury verdict in the state of Michigan would be contingent upon a court subsequently determining that none of the jurors who sat on the jury was statutorily disqualified for one reason or another.

 Contrary to the dissent, we do “address how the ‘actual prejudice’ standard for purposes of [MCL 600.1354(1)] should be defined.” Post at 576. To repeat, a juror’s failure to disclose information that the juror should have disclosed constitutes “actual prejudice” if it denied the defendant an impartial jury. Although we recognize that it may be difficult, although not impossible, for a defendant to establish that he was “actually prejudiced,” the Legislature could not have been clearer that a defendant is not entitled to a new trial unless the defendant “demonstrates actual prejudice to his cause . ...” MCL 600.1354(1). Unlike the dissent, we are simply unwilling to disregard this clear directive from the Legislature.

 When information that affects a juror’s qualifications to sit as a juror is discovered after the trial, “most states ... require a showing of juror bias” before they will grant the defendant a new trial. Note, When jurors lie: differing standards for new trials, 22 Am J Crim L 733, 737 (1995).

 The instant case is obviously distinguishable from Froede. Unlike the juror in Froede, the juror here did not deliberately misrepresent his criminal history. Rather, the trial court stated, “I don’t find that he was attempting to be deceitful or that he had any ulterior motive in answering these questions that way,” and we have no reason to believe that the trial court clearly erred in making such a finding. In addition, unlike the juror in Froede, the juror here had never been convicted of any crimes involving tampering with the administration of justice.

 Likewise, in People v Johnson, 245 Mich App 243; 631 NW2d 1 (2001), the Court of Appeals affirmed the defendant’s domestic violence conviction. The defendant was not entitled to a new trial even though one of the jurors was a complainant in a domestic violence prosecution, in part because the defendant had not demonstrated that he was actually prejudiced. In the lead opinion, Judge O’Connell explained that, “[o]n the basis of the juror’s assurances [that she could be fair and impartial], and the trial court’s acceptance of her assurances, we see no reasonable probability that the outcome of the case would have been different.” Id. at 259-260 (opinion by O’Connell, J.).

 The pertinent paragraph from Holt, 13 Mich at 228, states:
[I]t must be borne in mind that a person called as a juror is presumed to be qualified and impartial, until the contrary is shown. The challenging party takes upon himself the burden of proving the disqualification, and he does not reheve himself of that burden until he has made out a prima facie case, or, in criminal cases, such a case, at the least, as leaves the juror’s impartiality in reasonable doubt. It is not sufficient for him to prove facts, from which vague inferences of bias or favor can be drawn, and then *551 demand that his adversary shall be concluded unless he rebuts those inferences by countervailing testimony.
Holt predated the enumeration of statutory disqualifications now contained in MCL 600.1307a. The issue in Holt was whether the defendant was denied his right to an impartial jury. Accordingly, Holt’s discussion of juror “disqualification” was clearly not in reference to the statutory juror disqualifications at issue in the instant case, but, rather, was in reference to a juror’s ability to remain impartial. Contrary to the dissent, Holt very clearly states that the burden is on the defendant to prove that the juror was not impartial or at least that the juror’s impartiality is in reasonable doubt. Id. Although the dissent concludes that “Holt requires less than actual bias,” post at 576 n 45, it fails to explain how a defendant is to place the juror’s impartiality in reasonable doubt without offering evidence in support of that proposition.

 Similarly, the United States Supreme Court has held:
[T]o obtain a new trial. .., a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have pro *552 vided a valid basis for a challenge for cause. The motives for concealing information may vary, but only those reasons that affect a juror’s impartiality can truly be said to affect the fairness of a trial. [McDonough, 464 US at 556 (second italics added).]
Although the federal standard requires a new trial if a “correct response would have provided a valid basis for a challenge for cause,” this is because of the fact that there is no federal rule listing specific grounds for challenges for cause; instead, challenges for cause are only permitted upon a showing that the juror is not capable of being impartial. Because Michigan’s rule does list grounds for challenges for cause, and because one of these grounds is that the juror is not qualified to sit as a juror (which qualifications do not pertain to a juror’s capability of being impartial), our standard to obtain a new trial does not focus on whether a “correct response would have provided a valid basis for a challenge for cause,” but, instead, focuses on whether the juror was impartial. As the United States Supreme Court has explained, “[defendants] are not entitled to a new trial unless the juror’s failure to disclose denied [defendants] their right to an impartial jury.” Id. at 549.

 Defendant argues that the juror was excusable for cause under MCR 2.511(D)(1) to (4), (6), (10), and (12). However, his basis for all of these arguments is the juror’s status as a convicted felon. In defendant’s motion for a new trial, defendant only argued that defendant was excusable for cause under MCR 2.511(D)(1) and (12). Nevertheless, even assuming that the defendant had properly preserved all the grounds that he is now raising, we would still conclude that defendant is not entitled to a new trial. That is, for the same reasons that we conclude that defendant failed to establish that the juror was partial, defendant failed to establish that the juror was “biased”; “show[ed] a state of mind that [would] prevent [him] from rendering a just verdict”; had “formed a positive opinion” about the case; had “opinions or conscientious scruples that would improperly influence [his] verdict”; or was “interested.” MCR 2.511(D)(2) to (4) and (12). In addition, the juror had not “already sat on a trial of the same issue” and had not “complained of or ... been accused by [defendant] in a criminal prosecution.” MCR 2.511(D)(6), (10).

 The dissent fails to recognize that its conclusion that a defendant is entitled to a new trial any time a juror had a “preconceived opinion or feeling,” post at 577, is wholly at odds with this Court’s decision in Holt, which held that the “ ‘mere statement of a juror, that he has formed an opinion, is not sufficient to disqualify him.’ ” Holt, 13 Mich at 230 (citation omitted). Furthermore, the dissent’s statement that, because the juror in this case committed similar crimes, he “must have had preconceived notions about defendant” is nothing more than pure speculation. Post at 578. Finally, although we commend the dissent for its resort to a dictionary, it completely ignores the context of the word that it is attempting to define. That is, the dissent concludes that a juror is prejudiced if he or she had a “preconceived opinion or feeling.” Post at 577. However, MCL 600.1354(1) does not use the word “prejudice” in terms of the juror’s “prejudice.” Instead, it uses this word in terms of the defendant’s prejudice. MCL 600.1354(1) states that a defendant is not entitled to a new trial unless the defendant demonstrates “actual prejudice to his cause . .. .” In this context, it is clear that the most applicable definition of “prejudice” is “damage or injury; detriment,” Random House Webster’s College Dictionary (2001), which the dissent quotes post at 577. A defendant is damaged or injured as a result of a juror withholding relevant information only if that juror was not impartial.
Moreover, to disagree, as we do, with the dissenting justice on the appropriate definition of a term having multiple definitions — in this instance “prejudice” — is hardly, as the dissent asserts, to manifest an “unquestioning confidence” in our own “ability to decide which dictionary definition of a word the Legislature intended.” Post at 578 n 48. Rather, it is simply to manifest a belief that the dissenting justice is wrong.

 The dissent likewise does not direct us toward any evidence of prejudice. Instead, it simply presumes prejudice from the fact that the juror was statutorily disqualified. However, if such a presumption were *554 permitted, MCL 600.1354(1) would be rendered meaningless. MCL 600.1354(1) specifically states that failure to comply with the statutory qualifications does not require a new trial unless the defendant demonstrates “actual prejudice.” Yet, under the dissent’s approach, failure to comply with the statutory qualifications would always require a new trial. Moreover, contrary to the dissent’s contention, “an appearance of potential bias” is not “actual prejudice”; rather, it is, quite obviously, only an appearance of prejudice. Post at 574 (emphasis added). MCL 600.1354(1), however, clearly requires the defendant to demonstrate “actual prejudice.” (Emphasis added.) The dissent criticizes us for equating “actual prejudice” and “actual bias.” However, it fails to explain how a juror’s failure to disclose information that he or she should have disclosed could actually prejudice a defendant if the juror was not actually biased.

 According to the trial court, the juror stated that “I had that experience, but I can be essentially fair and objective; I can be fair to the parties in this case.”

 The dissent contends that defendant is entitled to a new trial “irrespective of which way [the juror’s] bias is expected to cut.. ..” Post at 580. However, this contention is clearly erroneous given that MCL 600.1354(1) expressly states that the defendant must demonstrate “actual prejudice to his cause . . . .” (Emphasis added.)

 As the trial court explained:
I’m sure that... had [the juror] answered those questions accurately in the questionnaire[J the prosecutor would not have permitted him to stay on the jury. ... I have fairly equal confidence that a defense attorney, knowing that [a] person ... convicted of a *555 crime is called to sit as a juror, especially a trial of someone who is accused of a similar type of crime, would not exercise a ... challenge. [The] [d]efense attorney in this case ... does not indicate to this Court that he would have exercised a ... challenge had he known.
Many commentators have indicated that one of the rationales behind excluding convicted felons from juries is the belief that convicted felons are biased against the government. See, e.g., Binnall, EG1900 ... The number they gave me when they revoked my citizenship: Perverse consequences of ex-felon civic exile, 44 Willamette L R 667, 672 (2008) (“One such character trait of concern to those advocating for felon exclusion from jury service is ‘that felons remain adversarial towards the government and will sympathize unduly with any criminal defendant.’ ”) (citation omitted); Note, A jury of one’s peers: Virginia’s restoration of rights process and its disproportionate effect on the African American community, 46 Wm & Mary L R 2109, 2136 (2005) (“The state’s policy argument is based on the premise that a convicted felon may be sympathetic toward a criminal defendant----”); Kalt, The exclusion of felons from jury service, 53 Am U L R 65, 74, 104 (2003) (“ ‘[A] person who has suffered the most severe form of condemnation that can be inflicted by the state... might well harbor a continuing resentment against “the system” that punished him and an equally unthinking bias in favor of the defendant on trial, who is seen as a fellow underdog caught in its toils.’... [A] felon’s ‘former conviction and imprisonment [may] ordinarily incline him to compassion for others accused of crime.’ In other words, a felon willhe less willing, if not unwilling altogether, to subject another person to the horrors of punishment that he has endured, and may engage in nullification. He may also exhibit mistrust of police and prosecutors, and give unduly short shrift to their testimony and arguments.”) (citations omitted); Note, Invaluable tool vs. unfair use of private information: Examining prosecutors ’ use of jurors ’ criminal history records in voir dire, 56 Wash & Lee L R 1079,1088-1089 (1999) (“A juror convicted of a crime is likely to harbor animosity towards the government.... The potential for this animosity to ripen into a bias against the government’s case increases when the crime underlying the juror’s conviction is similar to the crime for which the defendant stands charged.”).

 To answer the dissent’s question, post at 580, of course convicted felons can be challenged by defendants for bias. However, a juror’s mere status as a convicted felon does not by itself establish bias, and, thus, the challenging defendant will have to come forth with some actual argument concerning such bias.

 The dissent altogether ignores that none of those cases involved the application of MCL 600.1354(1).

 In DeHaven, the jurors had a family member who was a convicted rapist and a family member who was a rape victim, while, in the instant case, the juror was himself convicted of assault with the intent to commit criminal sexual conduct. As DeHaven indicated, the “normal person revolts at the thought of a father or stepfather raping a 13-year-old girl.” DeHaven, 321 Mich at 334. Accordingly, in DeHaven, it is significantly more likely that the jurors, if anything, would have been prejudiced against the defendant because a 13-year-old girl in their family had recently been a victim of such a revolting crime. On the other hand, in the instant case, as discussed earlier, it is more likely that the juror, if anything, would have been prejudiced in favor of the defendant because the juror had himself been convicted of similar crimes, although obviously this is all speculative.

 We are simply perplexed by the dissent’s assertion that the standard of review is “irrelevant.” Post at 573. An appellate court cannot even begin to review a trial court’s decision without knowing what the applicable standard of review is, and the fact that an appellate court has employed a plainly inappropriate standard should, at the least, cause future courts to hesitate before they rely on that prior decision. Further *559 more, contrary to the dissent, an appellate court cannot effectively immunize itself from criticism for failing to apply the correct standard of review by simply not stating what standard of review is being applied.

 As discussed earlier, a structural error that defies “harmless error” analysis still requires automatic reversal. Anderson, 446 Mich at 405.

 The dissent criticizes us for not overruling DeHaven. However, we do not do so because we simply do not see it as being controlling with regard to the issue here.

 To the extent that Crear and Manser relied on Daoust for this proposition, they are also wrong and overruled. The dissent contends that there is no reason to overrule these decisions because they can be “read harmoniously with § 1354(1) in that, if a juror is excusable for cause and is left impaneled, actual prejudice results.” Post at 574. However, as discussed in footnote 16 of this opinion, presuming prejudice on the basis of a statutory disqualification would render MCL 600.1354(1) meaningless.