# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GOVIT POOCHUAY,

        Defendant-Appellant.

UNPUBLISHED
June 21, 2016

No. 326569
Washtenaw Circuit Court
LC No. 14-000593-FH

Before: MARKEY, P.J., and OWENS and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his convictions of assault with a dangerous weapon (felonious assault), MCL 750.82; interfering with electronic communications, MCL 750.540(4); and domestic assault, MCL 750.81(2). The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to 23 months to 8 years' imprisonment for felonious assault, 16 months to 4 years' imprisonment for interfering with electronic communications, and 93 days in jail for domestic assault. We affirm.

This case arises from an incident in which defendant, during an argument with his girlfriend, Sylvania Aiken, and her mother, Margaret Mack, head-butted Aiken, cut her with a knife, and took their cellular telephones when they attempted to call the police. On appeal, defendant first argues that he was denied his right to a fair and impartial jury because the jury allowed sympathy and prejudice to influence its verdict. This Court reviews defendant's unpreserved claim challenging the impartiality of the jury for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). A criminal defendant has a constitutional right to be tried by an impartial jury. *People v Miller*, 482 Mich 540, 547; 759 NW2d 850 (2008). But jurors are presumed to be impartial, and it is incumbent on the defendant to establish the contrary "or at least that the [jury]'s impartiality is in reasonable doubt." *Id* at 550. "[W]hen citizens have been sworn to tell the truth, and testify under oath that they can be impartial, the initial presumption is that they are honoring their oath and are being truthful." *People v DeLisle*, 202 Mich App 658, 663; 509 NW2d 885 (1993).

Here, while the jury was deliberating, it asked the trial court whether it could read a statement to the defendant before reading the verdicts. The trial court informed the jury that it could not, but further told them that after the jury was discharged, any member of the jury could

remain and make a statement if he or she so desired. After the jury was discharged and excused, an unidentified juror addressed defendant as follows:

> Mr. Poochuay, the jury is saddened by the events that took place in your home on July 27th, 2014. It is particularly sad and disturbing that your nine-year-old daughter Samiya witnessed the most important people in her life behaving in unacceptable manners that have been described in this trial.
>
> We also find it sad that your children have been put in a position to have to testify in a jury trial against their father.
>
> The jury believes that on July 27th you were provoked by Ms. Mack and also provoked in some ways by Ms. Aiken. We are sympathetic to how difficult it must have been to hear the things said to you and in the ways those things were said. Nonetheless, it was your responsibility as an adult to control your emotions and behaviors especially since your nine-year-old child was present.

On appeal, defendant claims that this statement revealed that the jury allowed their personal feelings and prejudices to influence their deliberations and verdict, which denied defendant a fair and impartial jury as guaranteed by the state and federal constitutions. Defendant on appeal does not explain how the statement supports an inference that the jury was not impartial and free from prejudice in reaching its verdicts, and this Court finds no support for such an inference. The statement evidenced that the juror did not like that a child witnessed the crimes and that the juror felt sympathy *for defendant*, but that the facts of the case required conviction because defendant did not control his emotions and behaviors. Nothing in the juror's statement evidences that any member of the jury was not impartial or was prejudiced against defendant. Jurors are presumed to be impartial, and defendant has failed to carry his burden of establishing that there is a reasonable doubt regarding the impartiality of any juror. *Miller*, 482 Mich at 550. Furthermore, the jury took an oath to "render a true verdict only on the evidence introduced, and in accordance with the instructions of the Court," and the trial court instructed the jury that "[y]ou must not let sympathy or prejudice influence your decision." It is presumed that the jurors honored their oath and did not base their verdict on sympathy or prejudice. *DeLisle*, 202 Mich App at 663. On this record, defendant has not shown that the jury allowed personal feelings and prejudices to influence their deliberations and verdict; there is no plain error affecting defendant's substantial rights to support reversal. *Carines*, 460 Mich at 763-764.

On appeal, defendant also claims that he was denied his right to a fair trial by several statements that the prosecutor made during his closing argument. This Court reviews unpreserved claims of prosecutorial misconduct for plain error. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). We consider such claims on a case-by-case basis, reviewing the prosecutor's remarks in context. *Id*. Prosecutors are generally accorded wide latitude with respect to making their arguments to the jury. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). A prosecutor may argue the evidence and any reasonable inference from the evidence, *id*., and may respond to issues that the defense raises, *People v Brown*, 279 Mich App 116, 135; 755 NW2d 664 (2008). "The prosecutor is free to argue from the evidence and its reasonable inferences in support of a witness's credibility." *Bennett*, 290 Mich App at 478; see

also *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). Nonetheless, "prosecutors should not resort to civic duty arguments that appeal to the fears and prejudices of jury members or express their personal opinion of a defendant's guilt." *Bahoda*, 448 Mich at 283-284. Further, a prosecutor cannot vouch for the credibility of prosecution witnesses by implying some special knowledge regarding the witnesses' truthfulness. *Id*. at 276, 286.

According to defendant, the prosecutor improperly made a personal plea for a guilty verdict and vouched for the evidence during his closing argument when he stated:

> I'm asking that you find the defendant guilty of the felonious assault. Did he assault her with a dangerous weapon? Absolutely. I don't think any of us has a doubt that a knife is a dangerous weapon. Did he physically assault her? Absolutely. He cut her arm. Did he put her in fear of being assaulted with a dangerous weapon? Well, I'm pretty sure if somebody says I'm going to kill you after they just cut you and they're chasing you with a knife, they're continuing to felony -- to assault you with that dangerous weapon.

Considering the challenged statement in context, we agree it does not represent the prosecutor's personal opinion regarding defendant's guilt or the strength of his case. The prosecutor's arguments, based on the evidence presented at trial, were that each of the elements of felonious assault was met. It is entirely proper for a prosecutor to argue the evidence and reasonable inferences arising from the evidence as they relate to the prosecutor's theory of the case. *Bahoda*, 448 Mich at 282. "The prosecution has wide latitude in arguing the facts and reasonable inferences, and need not confine argument to the blandest possible terms." *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007). Importantly, the challenged arguments are based on the evidence and are thus not improper. *Id*.; *Bahoda*, 448 Mich at 282. Further, any possible unfair prejudice was removed when the trial court instructed the jury that "you may only consider the evidence that has been properly admitted in this case" and that "[t]he lawyer's statements and arguments are not in evidence." See *People v Unger*, 278 Mich App 210, 237-238; 749 NW2d 272 (2008). There was no plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764.

On appeal, defendant also claims that the prosecutor improperly vouched for prosecution witnesses when he stated:

> The defense attorney tried to argue about the reliability of these witnesses. These witnesses came in here and did the best they could to recall the events and explain them to you. To recall what happened four months ago. Regardless of how much the defense attorney tried to -- to muck up Ms. Mack's testimony and confuse her and go back and forth on little details, she was consistent in what she saw. What she saw was a felonious assault, a larceny in the building, and interfering with electronic communications device, a domestic violence, and assault and battery. Don't let the defense attorney confuse you with these minor issues and overlook the big picture as far as what actually happened here.

A prosecutor "cannot vouch for the credibility of his witnesses to the effect that he has some special knowledge concerning a witness' truthfulness." *Bahoda*, 448 Mich at 276. However, the challenged statements are devoid of any suggestion by the prosecutor that he had any special knowledge concerning the witnesses' truthfulness. This Court considers allegations of prosecutorial misconduct in context, *Bennet*, 290 Mich App at 475, and in this case there was conflicting testimony by defendant, Aiken, and Mack that called their credibility into question. Thus, the prosecutor could properly comment on his own witnesses' credibility, especially because credibility was at issue. *Id*. at 478. Furthermore, any possible prejudice was removed when the trial court instructed the jury that it "may only consider the evidence that has been properly admitted in this case" and that "[t]he lawyer's statements and arguments are not in evidence." *Unger*, 278 Mich App at 237-238. Thus, defendant has not shown the existence of plain error affecting his substantial rights. *Carines*, 460 Mich at 763-764.

Finally, defendant argues on appeal that the prosecutor impermissibly shifted the burden of proof when he stated during closing argument "[d]o we have any evidence at all that can corroborate the defendant's story? No." This claim is without merit. "A prosecutor may not imply in closing argument that the defendant must prove something or present a reasonable explanation for damaging evidence because such an argument tends to shift the burden of proof." *People v Fyda*, 288 Mich App 446, 463-464; 793 NW2d 712 (2010). But when a defendant testifies at trial or advances an alternate exculpatory theory of the case, the prosecutor's comments on the validity of the alternate theory do not "shift the burden of proving innocence to the defendant." *People v Fields*, 450 Mich 94, 115; 538 NW2d 356 (1995). When a defendant testifies in his own defense, the defendant's " 'credibility may be impeached and his testimony assailed like that of any other witness.' " *Id*. at 110 (citation omitted). In this case, the prosecutor's statement commented on the validity of the story to which defendant testified, challenging the validity of that story when it is considered with the other evidence admitted at trial. Thus, the prosecutor's statement was proper and did not shift the burden of proof. *Fields*, 450 Mich at 115. Furthermore, in addition to instructing the jury that the lawyers' statements and arguments were not evidence, the trial court also instructed the jury that "[t]he prosecutor must prove each element of the crime beyond a reasonable doubt" and that defendant "is not required to prove his innocence or to do anything." Jurors are presumed to follow their instructions. *Unger*, 278 Mich App at 235. Defendant has not shown plain error affecting his substantial rights. *Carines*, 460 Mich at 763-764.

We affirm.

/s/ Jane E. Markey
/s/ Donald S. Owens
/s/ Mark T. Boonstra