*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JEFFERY LEE KOUW,

      Defendant-Appellant.

UNPUBLISHED
June 18, 2019

No. 342229
Ottawa Circuit Court
LC No. 16-039943-FH

Before: K. F. KELLY, P.J., and FORT HOOD and REDFORD, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of operating a motor vehicle while intoxicated, third offense, MCL 257.625(1), and transportation or possession of an open container of alcohol in a moving vehicle, MCL 257.624a. The trial court sentenced defendant to concurrent terms of 60 days in jail. Defendant now appeals his convictions as of right. For the reasons set forth below, we affirm defendant's convictions but remand for the ministerial purpose of correcting the judgment of sentence.

## I. BACKGROUND

This case arises from a traffic stop that occurred on February 1, 2016, in Robinson Township, Michigan. Defendant drank more than 66-ounces of alcoholic beverages before and while driving his vehicle between his home and a local fitness center and had an open alcoholic beverage can in his car. An Ottawa County Sheriff's Office road patrol deputy stopped defendant for driving with his bright lights on and throwing a lit cigarette out of his window. Defendant was slow to pull over his vehicle, which he admitted was because he was trying to hide his open container of alcohol. The deputy smelled alcohol coming from the car and from defendant and observed that defendant spoke with a "thick tongue," and his face was flush with watery, bloodshot eyes. Additionally, defendant told the deputy that he had been drinking and stated that he had consumed several beers between 9:30 and 10:30 p.m. Defendant performed three field sobriety tests at the request of the deputy and showed obvious signs of intoxication. The deputy placed defendant under arrest and defendant consented to have his blood drawn and tested for alcohol content. Defendant's blood alcohol content was 0.114%.

II.  ANALYSIS

A.  JUROR BIAS

Defendant first argues that his convictions should be vacated because Juror 612 was biased.  We disagree.

In the trial court, defendant did not exhaust his peremptory challenges or refuse to express satisfaction with the jury as empaneled.  Accordingly, this issue is unpreserved.  *People v Tyburski*, 196 Mich App 576, 583 n 5; 494 NW2d 20 (1992) (opinion of MURPHY, J.), aff'd 445 Mich 606 (1994).  This Court reviews unpreserved issues according to the plain error standard.  *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999).  Under this standard, defendant must show that: (1) an error occurred; (2) the error was plain, and (3) the plain error affected defendant's substantial rights.  *Id*. at 763.

During jury selection, Juror 612 stated that he was an attorney and was familiar with trial counsel because they had been opposing counsel on some civil cases, but that would "probably not" cause him to be unfair in considering defendant's guilt or innocence.  Trial counsel acknowledged that he had not seen Juror 612 "in years."  Juror 612 also shared that when he was in college he was a public safety officer supervisor.  Juror 612 replied affirmatively when the trial court questioned him if he would listen to all of the evidence and base his decision solely on the evidence.  Juror 612 also swore to perform his duty to try the case justly and reach a true verdict.  Trial counsel expressly approved the panel of jurors and stated "we're satisfied with the jury."

To protect a defendant's right to a fair trial, "[i]t is sufficient if the juror can lay aside his opinions and render a verdict based on the evidence presented in court."  *People v Johnson*, 245 Mich App 243, 256; 631 NW2d 1 (2001) (quotation marks and citation omitted) (opinion by O'CONNELL, P.J).  We presume that jurors conduct their duties with impartiality, "and the party alleging the disqualification bears the burden of proving its existence."  *Id*. (opinion by O'CONNELL, P.J.).  Also, the jury is presumed to follow the trial court's instructions.  *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998) (citations omitted).

As an initial matter, defendant waived his argument alleging juror bias.  Waiver is "the intentional relinquishment or abandonment of a known right."  *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (citation and quotation marks omitted).  In the present case, defendant waived this issue at the outset when trial counsel clearly expressed his satisfaction with the jury.  Therefore, defendant cannot now claim that allowing Juror 612 to serve on the jury impacted his right to a fair trial.  However, even considering the merits of defendant's argument, we are not persuaded that defendant is entitled to a new trial.  In *Johnson*, this Court rejected the defendant's request for a new trial on the basis of alleged juror bias.  *Johnson*, 245 Mich App at 252 (opinion by O'CONNELL, P.J.).  In *Johnson*, this Court held that the defendant's right to a fair trial in a domestic violence case was adequately protected even where the juror at issue had been a victim of domestic violence and the same prosecutor's office was handling her ongoing case.  *Id*. at 252, 256 (opinion by O'CONNELL, P.J.).  This Court reached this conclusion because the juror promised to keep her personal life separate and to be fair and impartial in deciding the defendant's guilt or innocence.  *Id*. at 251, 256 (opinion by O'CONNELL, P.J.).

Similarly, in the instant appeal, Juror 612 stated clearly that he would be fair, impartial, and base his decision solely on the evidence. Jurors are presumed to follow the trial court's instructions, *Graves*, 458 Mich at 486, and defendant has not proffered any evidence to suggest the juror did not follow the trial court's instruction to remain impartial. Additionally, defendant fails to meaningfully explain how Juror 612 was biased and the record does not otherwise support defendant's allegation that Juror 612 was in fact biased or that he ought to have been challenged for cause in compliance with MCR 6.412(D) and MCR 2.511(D)(2). As our Supreme Court recognized in *People v Miller*, 482 Mich 540, 550; 759 NW2d 850 (2008), a juror is presumed to be impartial unless the contrary is demonstrated. Defendant therefore bears the burden of showing that the juror was in fact not impartial "or at least that the juror's impartiality is in reasonable doubt." *Id*. Put simply, defendant has not established that Juror 612 was biased, that his impartiality could reasonably be doubted, and that he was prejudiced by the inclusion of this juror on the jury. See *People v Rose*, 289 Mich App 499, 531; 808 NW2d 301 (2010) (recognizing that the defendant must establish prejudice to demonstrate a new trial on the basis of alleged juror bias is necessary). Because defendant has not made such a showing, he has not demonstrated plain error, and his argument on appeal seeking a new trial is unavailing.[1]

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

On appeal, defendant also claims that he was denied the effective assistance of counsel at trial. We disagree.

Because defendant did not move for a new trial or a *Ginther*[2] hearing, our review "is limited to mistakes apparent from the record." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Whether effective assistance of counsel has been denied presents issues of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). This Court reviews questions of constitutional law de novo, and factual findings, if any, for clear error. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

It is the defendant's burden to present the factual predicate of his claim alleging ineffective assistance of counsel. *People v Anderson*, 322 Mich App 622, 628; 912 NW2d 607 (2018).

> To establish that his or her lawyer provided ineffective assistance, a defendant must show that (1) the lawyer's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable

---

[1] Given our disposition of this issue, we likewise reject defendant's contention that trial counsel's performance was objectively unreasonable because trial counsel did not challenge Juror 612's presence on the jury. See *People v Horn*, 279 Mich App 31, 39-40; 755 NW2d 212 (2008) (noting that trial counsel is not ineffective for failing to advance a futile motion).

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

probability that, but for the lawyer's deficient performance, the result of the proceedings would have been different. [*Id*.]

Decisions concerning the presentation and questioning of witnesses and the admission of evidence at trial are presumed to be matters of trial strategy. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). "[T]he failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004) (opinion of COOPER, J.). "Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). "A substantial defense is one that might have made a difference in the outcome of the trial." *Id*.

Defendant first contends that trial counsel was ineffective by failing to call witnesses and introduce evidence that would have corroborated defendant's timeline concerning his consumption of alcohol before he was stopped by the police. Specifically, defendant contends that trial counsel ought to have called witnesses from the fitness center that defendant visited that night, and also should have produced credit card receipts confirming the time of defendant's purchase of alcohol as well as documentation from the fitness center to confirm defendant's timeline of events.

As a preliminary matter, defendant has not overcome the presumption that trial counsel's decision not to present a potential witness from the fitness center, credit card receipts, and the documentation from the fitness center was the result of sound trial strategy. This is particularly so because the record reflects that defendant possessed at trial the document[3] evidencing the timestamp from when he entered the fitness center but trial counsel, for reasons unclear from the record, decided not to seek admission of the document into evidence. Trial counsel may have reasonably surmised that it was best to not seek admission of the document because of the information contained in the document. For example, the information may have conflicted with defendant's recitation of the pertinent events during his trial testimony. Trial counsel may also have decided not to call additional witnesses because their testimony could have been contradictory to defendant's version of the pertinent events. Without any indication to the contrary, we presume that trial counsel's decisions resulted from sound trial strategy. *Rockey*, 237 Mich App at 76. Moreover, the record does not indicate that trial counsel's strategic choices were made after less than a complete investigation, or that trial counsel's decisions followed a failure to exercise "reasonable professional judgment." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). Notably, trial counsel presented a thorough defense based on defendant's self-explained chronology of his consumption of alcohol before he was stopped by the police. The record demonstrates that trial counsel thoroughly questioned all witnesses and presented an expert witness in support of this defense. Additionally, trial counsel's closing argument focused on highlighting the chronology of defendant's consumption of alcoholic beverages according to defendant's version of events. Under these circumstances, we are not

---

[3] This document is not attached to defendant's brief on appeal.

persuaded that trial counsel's performance was objectively unreasonable. *Anderson*, 322 Mich App at 628.

Finally, the judgment of sentence reflects that defendant was convicted of operating a motor vehicle while intoxicated in contravention of MCL 257.625(6)(D). This citation is incorrect. MCL 257.625 was amended in 2018. 2017 PA 153, effective February 6, 2018. Defendant's conviction preceded this amendment; therefore, the prior version of the statute applied to this case. See 2014 PA 219. However, even under the prior version of the statute, MCL 257.625(6) was the subsection prohibiting a person less than 21 years of age from operating a vehicle with any bodily alcohol content. That subsection is clearly inapplicable to defendant, who was approximately 45 years old at the time relevant to this case. As indicated in the charging documents and verdict form, defendant's proper conviction was for operating a motor vehicle while intoxicated under MCL 257.625(1) and MCL 257.625(9)(c), as amended by 2014 PA 219. However, it is unclear whether defendant's conviction can be classified as an operating under the influence offense in contravention of MCL 257.625(1)(a) or an unlawful blood alcohol level offense in contravention of MCL 257.625(1)(b). Because of these discrepancies, remand is necessary to allow the trial court to correct the judgment of sentence. See MCR 6.435(A); MCR 7.216(A)(7).

### III. CONCLUSION

We affirm defendant's convictions but remand for the ministerial purpose of correcting the judgment of sentence. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ James Robert Redford