*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JOSHUA ADAM KAHILL,

       Defendant-Appellant.

UNPUBLISHED
October 8, 2019

No. 343434
Macomb Circuit Court
LC No. 2017-000888-FH

Before: RIORDAN, P.J., and K. F. KELLY and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction for third-degree criminal sexual conduct (CSC), MCL 750.520d(1)(c) (sexual penetration of a physically helpless individual). Defendant was sentenced to 65 to 180 months' imprisonment for third-degree CSC. We affirm.

## I. BACKGROUND

Defendant's conviction stemmed from a sexual encounter with RF that occurred at a housewarming party. RF testified that defendant asked her out several times throughout the course of the party and that she declined each time. RF was drinking at the party and fell asleep on a living room couch. She woke up to defendant penetrating her. RF asked defendant to stop twice before he complied. RF denied ever consenting to sexual intercourse with defendant. Defendant, on the other hand, testified that RF initiated sexual intercourse. Defendant stopped having intercourse with RF as soon as she asked him to stop. The jury convicted defendant of third-degree CSC.

In this appeal, defendant argues the following: (1) the court erred when it failed to excuse a biased juror for cause; (2) the court erred when it required defendant to be shackled during trial and counsel was ineffective for failing to object to the shackling; (3) the prosecutor committed prosecutorial misconduct when he referenced Larry Nassar during voir dire; and (4) there was insufficient evidence to convict defendant of third-degree CSC.

## II. JUROR BIAS

## A. STANDARD OF REVIEW

"We review for abuse of discretion a trial court's rulings on challenges for cause based on bias." *People v Williams*, 241 Mich App 519, 521; 616 NW2d 710 (2000). "This Court defers to the trial court's superior ability to assess from a venireman's demeanor whether the person would be impartial." *Id*. at 522. "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 259; 749 NW2d 272 (2008).

## B. ANALYSIS

Defendant argues that the trial court denied defendant his right to a fair and impartial jury when it refused to dismiss juror number 178 for cause. We disagree.

"[A] criminal defendant has a constitutional right to be tried by an impartial jury." *People v Miller*, 482 Mich 540, 547; 759 NW2d 850 (2008). "[J]urors are presumed to be . . . impartial, until the contrary is shown." *Id*. at 550 (quotation marks and citation omitted). "The burden is on the defendant to establish that the juror was not impartial or at least that the juror's impartiality is in reasonable doubt." *Id*.

During voir dire, juror number 178 indicated she had "a lot of law enforcement in [her] family." For example, her brother was police chief and city manager of Auburn Hills. On the basis of these family relationships, the trial court questioned the juror about potential bias toward police:

*The Court*: Those [are] all very close relations. Are you going to give more credibility to someone just because they are a police officer?

[*Juror Number 178*]: I probably would.

*The Court*: That's not fair.

[*Juror Number 178*]: I know.

*The Court*: But its's okay.

[*Juror Number 178*]: I know, but I'm being honest.

* * *

*The Court*: Would you want you on the jury if you were the defendant?

[*Juror Number 178*]: I wouldn't want me on this jury I'm sure.

The court then asked the parties if there was any objection to excusing juror number 178 for cause and the prosecution asked to voir dire the juror. The prosecution asked the juror if she could follow the law and the court's instructions, and the juror indicated that she could. The prosecution then asked if she would follow the instruction if the court instructed her not to give a

-2-

police officer's testimony more credibility on the basis of their position as a police officer. The juror indicated that she would follow that instruction.

The court then asked the juror if she could put "behind" any "bias or prejudice." The juror indicated that she could. The juror also replied in the negative when the court asked her if there was any reason she could not be "fair and impartial." Defense counsel was then given the opportunity to question the juror.

> [*Defense Counsel*]: We appreciate your honesty, but given your background and such, one of the first things you said when you sat down was you would not want you on this jury if that was you.
>
> [*Juror Number 178*]: I did say it, because if I were in a position looking—
>
> [*Defense Counsel*]: You might want somebody maybe a little more [sic] less influenced by police and prosecution?
>
> [*Juror Number 178*]: Right.
>
> [*Defense Counsel*]: So it's fair to say that, and I don't mean to embarrass you or cause you to feel bad, it's good to have honest feelings, but you do agree that maybe you would not be a fair juror because of your beliefs and your present beliefs?
>
> [*Juror Number 178*]: I guess.
>
> [*Defense Counsel*]: All right. Your Honor, that's all I have for questioning.
>
> *The Court*: "I guess" isn't going to do it. The question becomes can you put that aside and be absolutely fair and impartial.
>
> [*Juror Number 178*]: I could.

Defense counsel then challenged juror number 178 for cause. The court noted that the juror indicated she could be fair, and the juror interjected, "I can be fair." Accordingly, the court denied defense counsel challenge for cause.

"A juror who expresses an opinion referring to some circumstance of the case which is not positive in character, but swears he can render an impartial verdict, may not be challenged for cause." *People v Roupe*, 150 Mich App 469, 474; 389 NW2d 449 (1986); see also MCL 768.10. Although juror number 178 first expressed she may give a police officer's testimony more credibility then another witness's testimony, she later indicated that she would follow the court's instructions regarding credibility. Juror number 178 also emphatically stated that she believed she could be fair. Therefore, the trial court did not abuse its discretion when it denied defendant's challenge for cause and defendant has failed to demonstrate that juror number 178 was not impartial or that there was a reasonable doubt as to her impartiality.

-3-

## III.  SHACKLING

### A.  STANDARD OF REVIEW

Defendant failed to preserve the issue of shackling for appeal.  Shackling implicates a defendant's constitutional right to a fair trial.  See *People v Payne*, 285 Mich App 181, 186; 774 NW2d 714 (2009).  An unpreserved, constitutional claim is reviewed for "plain error that affected substantial rights."  *People v Pipes*, 475 Mich 267, 278; 715 NW2d 290 (2006) (quotation marks and citation omitted).

> Under the plain error rule, defendants must show that (1) error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected a substantial right of the defendant.  Generally, the third factor requires a showing of prejudice—that the error affected the outcome of the trial proceedings.  Defendants bear the burden of persuasion.  The failure to establish a plain error that affected a substantial right precludes a reviewing court from acting on such an error.  However, even if defendants show plain error that affected a substantial right, reversal is only warranted when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings . . . .  [*Id*. at 279 (quotation marks and citations omitted).]

Defendant also failed to preserve his claim of ineffective assistance of counsel on the issue of shackling for appeal.  Because the trial court did not conduct a "hearing to determine whether [ ] defendant's counsel was ineffective, [this Court's] review is limited to mistakes apparent from the record."  *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014).  "[D]efendant's claim of ineffective assistance of counsel is a mixed question of fact and constitutional law."  *Id*. at 67 (quotation marks and citation omitted).  Findings of fact are reviewed for clear error, while questions of law are reviewed de novo.  *Id*. at 67-68.

### B.  ANALYSIS

Defendant argues that his constitutional rights were violated when the trial court required him to wear leg shackles during trial and defense counsel failed to object.  We disagree.

"Included within the right to a fair trial, absent extraordinary circumstances, is the right to be free of shackles or handcuffs in the courtroom."  *Payne,* 285 Mich App at 186.  "While this right is not absolute, a defendant may be shackled only on a finding supported by record evidence that this is necessary to prevent escape, injury to persons in the courtroom or to maintain order."  *Id*. (quotation marks and citation omitted).  "But even if a trial court abuses its discretion and requires a defendant to wear restraints, the defendant must show that he suffered prejudice as a result of the restraints to be entitled to relief."  *Id*.  "[A] defendant is not prejudiced if the jury was unable to see the shackles on the defendant."  *Id*. (quotation marks and citation omitted).

The trial court erred when it required defendant to wear leg shackles during trial because the court failed to explain why shackling was necessary in this case.[1] Nonetheless, defendant cannot prevail because he has failed to establish prejudice. See *id*. Nothing in the record suggests that a juror saw defendant's leg shackles. In fact, the record suggests that the court took care to ensure that no juror saw defendant's shackles.

Before trial began, there was some concern that the juror in seat 12 may have seen defendant in handcuffs. The parties and the court appeared to agree that the juror would be dismissed if he saw the defendant in handcuffs. The trial court questioned the juror about what he saw. The juror testified that he did not see or hear anything of note. The parties were satisfied with the court's questioning and the court proceeded with other pretrial matters.

Defendant's shackles were discussed immediately before defendant took the stand. Before defendant took the stand, defense counsel informed the court that defendant was wearing shackles. The court instructed defendant to sit down in the witness stand before the jury returned to the courtroom. The court then stated, "Nobody stand when the jury comes in. Pretend like I forgot . . . ." The court also instructed defendant not to stand up. Thus, it is apparent from the record that the trial court took steps to prevent the jury from seeing defendant in shackles, and nothing in the record indicates that the jury nevertheless saw defendant in shackles. Therefore, defendant is not entitled to a new trial because defendant failed to establish he was prejudiced by the leg shackles.

The Michigan Constitution and the Sixth Amendment to the United States Constitution both guarantee the "right to the effective assistance of counsel." *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016) (citations omitted). "To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Id*. This Court presumes that counsel gave defendant effective assistance. *Lane*, 308 Mich App at 68. "A defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different." *Id*.

For the reasons discussed above, defendant failed to establish the prejudice prong of his ineffective assistance of counsel claim. Defendant cannot establish prejudice because there is no

---

[1] Although the trial court did not provide an explanation for the shackling on the record, there was evidence that defendant did not appear at a pretrial and did not communicate with defense counsel for three months. After defendant did not appear for his trial date, he had to be apprehended by United States Marshals. After his arrest, the trial court initially denied defendant a bond, but then set a high bond of $500,000. At trial, defendant admitted that he was trying to evade the authorities, and a flight instruction was read to the jury. Thus, even though a rationale may not have been articulated, defendant's shackling at trial may have been the result of his attempt to evade prosecution.

evidence that the jury saw him in shackles. Therefore, defendant cannot establish that he received ineffective assistance of counsel.

## IV. PROSECUTORIAL MISCONDUCT

### A. STANDARD OF REVIEW

Defendant failed to preserve the issue of prosecutorial misconduct for appeal. "We review unpreserved claims of prosecutorial misconduct for plain error." *Id*. at 62. "[D]efendant bears the burden of establishing that: (1) error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003). "To establish that a plain error affected substantial rights, there must be a showing of prejudice, i.e., that the error affected the outcome of the lower-court proceedings." *Id*. at 356. "We will not find error requiring reversal if a curative instruction could have alleviated the effect of the prosecutor's misconduct." *Lane*, 308 Mich App at 62.

### B. ANALYSIS

Defendant argues that the prosecutor committed prosecutorial misconduct when he referenced Larry Nassar during voir dire. We disagree.

"A prosecutor has committed misconduct if the prosecutor abandoned his or her responsibility to seek justice and, in doing so, denied the defendant a fair and impartial trial." *Id*. "A prosecutor can deny a defendant his or her right to a fair trial by making improper remarks that so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Id*. (quotation marks and citation omitted). "We must evaluate instances of prosecutorial misconduct on a case-by-case basis, reviewing the prosecutor's comments in context and in light of the defendant's arguments." *Id*. at 62-63.

During voir dire, the prosecutor stated the following:

So it's kind of a bizarre time in our culture right now. You know, we hear things about the Larry Nasser [sic] thing and to me—the movement and everything like that, and to me it seems that everybody has pretty strong opinions either way on some of these types of cases. So, I want to talk about that real quick.

Now, the defendant, as he sits there, you know that obviously he's sitting there not guilty. If you had to vote right now it would be not guilty as he sits there, innocent.

Now, that being said, does anybody have any preconceived notions, just based on the charge alone if the defendant is innocent or guilty?

Reviewing the prosecutor's statements in context, we conclude that they do not constitute plain error. When the prosecutor referenced Larry Nassar and the Me Too Movement he was merely providing examples of how pervasive discussions of sexual assault are in our culture. He did not compare defendant to Nassar, nor did he imply that defendant committed acts similar to Nassar. Instead, the prosecutor's comments, considered in context, demonstrate that he was

attempting to ensure that the potential jurors were not biased for or against defendant on the basis of the fact that defendant was charged with criminal sexual conduct. Furthermore, the trial court instructed the jury that the attorneys' statements and arguments were not evidence. There is no indication that the trial court's instruction failed to remove any possible prejudice from these remarks.

## V.  INSUFFICIENT EVIDENCE

### A.  STANDARD OF REVIEW

This Court reviews sufficiency of the evidence claims de novo, considering "the trial evidence in a light most favorable to the prosecution [to] determine whether a rational trier of fact could have found that all the elements of the offense were proved beyond a reasonable doubt." *People v Schumacher*, 276 Mich App 165, 167; 740 NW2d 534 (2007). Furthermore, this Court "must defer to the fact-finder by drawing all reasonable inferences and resolving credibility conflicts in support of the jury verdict." *Id.* "The victim's testimony alone can provide sufficient evidence to support a conviction." *People v DeLeon*, 317 Mich App 714, 719; 895 NW2d 577 (2016); see also MCL 750.520h.

### B.  ANALYSIS

Defendant argues that there was insufficient evidence to convict him of third degree CSC. We disagree.

In order to convict defendant of third-degree CSC, the prosecution needed to prove beyond a reasonable doubt that defendant engaged in sexual penetration with an individual that defendant knew or had reason to know was physically helpless. MCL 750.520d(1)(c). " 'Sexual penetration' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." MCL 750.520a(r). " 'Physically helpless' means that a person is unconscious, asleep, or for any other reason is physically unable to communicate unwillingness to an act." MCL 750.520a(m). "[T]he essence of physical helplessness is that the victim is unable to communicate unwillingness to an act. Such is the case when the victim is asleep or unconscious." *People v Perry*, 172 Mich App 609, 622; 432 NW2d 377 (1988).

Defendant does not dispute that he penetrated RF's vagina with his penis. Thus, the sexual penetration requirement of MCL 750.520d(1)(c) is not at issue.

Defendant argues that RF's testimony alone was not sufficient to convict defendant of third-degree CSC because defendant's testimony contradicted her testimony. This argument ignores the standard of review for a sufficiency of the evidence challenge. This Court must view the evidence in the light most favorable to the prosecution and resolve credibility determinations in favor of the jury verdict. *Schumacher*, 276 Mich App at 167. Here, that means crediting RF's testimony over defendant's testimony. RF testified that she fell asleep on a living room couch at a party and woke up to defendant penetrating her. Her testimony supports the conclusion that

she was physically helpless at the time the sexual penetration occurred. Therefore, there was sufficient evidence to convict defendant of third-degree CSC.

Affirmed.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Thomas C. Cameron