*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JASON DOUGLAS NELSON,

        Defendant-Appellant.

UNPUBLISHED
April 23, 2019

No. 340034
Sanilac Circuit Court
LC No. 17-007643-FH

Before: MURRAY, C.J., and SAWYER and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right his conviction by jury of assault with a dangerous weapon (felonious assault), MCL 750.82. The trial court sentenced defendant to 180 days in jail, of which 135 days were held in abeyance pending his successful completion of 12 months of probation. Six months after sentencing defendant moved for a new trial on the ground that his constitutional right to be tried by an impartial jury was violated because his former wife's marriage counselor was seated on his jury. Following an evidentiary hearing, which included testimony from the juror and defendant in which the trial court found the juror to be a very credible witness, the trial court denied defendant's motion, concluding that defendant had not suffered actual prejudice because no evidence established that the juror was biased. We affirm.

The prosecution charged defendant of feloniously assaulting the boyfriend of his ex-wife's daughter from a previous relationship. During jury selection, the trial court asked the prospective jurors whether they knew any of the parties associated with the case. Because defendant's ex-wife was not a witness, the trial court did not include her name. Juror No. 11 stated that he believed he knew defendant's parents from school, and defendant stated, "That's probably the case . . . . I don't know [Juror No. 11] himself." The prosecution later asked Juror No. 11 if he had "ever actually met" defendant to which he responded, "Not that I know of." Juror No. 11 was seated on the jury.

During opening statement, to provide context concerning the relationship between the witnesses and defendant, the prosecution explained that defendant and his ex-wife, who the

prosecution identified by name, went through a contentious divorce. After the parties rested their cases and before the jury began deliberations, the trial court instructed them to:

> use your own common sense and general knowledge in weighing and judging the evidence but you should not use any personal knowledge you may have about a place, person or event. To repeat once more, you must decide this case based only on the evidence admitted during the trial.

The jury found defendant guilty.

In February 2018, six months after his conviction and sentencing, defendant submitted an affidavit in support of his motion for a new trial in which he stated that he and his ex-wife attended a 30- to 40-minute marriage counseling session with Juror No. 11 during 2013, in which his ex-wife said that defendant assaulted her during their marriage. Defendant stated that in response, Juror No. 11 called defendant a "woman beater" which led to a heated argument and exchange of profanities between defendant and Juror No. 11 before defendant and his ex-wife left the session. Defendant explained in his affidavit that not until after he left the courthouse on the day in June 2017 of his trial did he realize that he knew Juror No. 11.

The trial court held an evidentiary hearing, at which Juror No. 11 testified that he "did not remember knowing" defendant and that he "wasn't sure all through the trial that [he] actually met with" defendant. Juror No. 11 explained that when he heard defendant's ex-wife's name, "it's like a light came on," and he remembered that he had several counseling sessions with her. However, he "did not remember" whether he met with defendant. Juror No. 11 testified that he did not disclose that he had been defendant's ex-wife's marriage counselor because he had concerns that a privilege precluded him from disclosing the information. The trial court asked Juror No. 11 whether he had any bias against defendant as a result of his counseling sessions with defendant's ex-wife. Juror No. 11 responded, "there was no prejudice in that sense." Juror No. 11 explained, "In my dealings with [defendant's ex-wife], if anything, I had compassion about [defendant]." He testified:

> once I knew that I could have talked with [defendant], I made sure that I kept my opinions and my mouth shut during the deliberations because I did not want to prejudice the rest of the people in any way[,] shape[,] or form because of what little knowledge I had of [defendant], which was—I didn't remember him.

Defendant testified that he did not recognize Juror No. 11 during the trial because he was "focused on everything else" and that he did not tell the trial court that he knew Juror No. 11 at the sentencing hearing based on his attorney's advice. The trial court concluded that it could not "find, in any way, that . . . [Juror No. 11] was biased or prejudiced or that defendant was denied a fair trial . . . ." Therefore, the trial court denied defendant's motion for a new trial.

Defendant argues that the trial court abused its discretion by finding that Juror No. 11 lacked partiality and that defendant did not suffer actual prejudice because of his presence on the jury. We disagree.

We review for clear error a trial court's findings of fact regarding a juror's qualifications. *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008). "Clear error exists if the reviewing

-2-

court is left with a definite and firm conviction that a mistake has been made." *Id.* (quotation marks and citation omitted). We review for an abuse of discretion a trial court's denial of a motion for a new trial. *Id.* A trial court's decision constitutes an abuse of discretion only when it appears that it chose an outcome falling outside the range of principled outcomes. *Id.*

A criminal defendant has a constitutional right to be tried by an impartial jury. US Const Am VI; Const 1963, art 1, § 20. Jurors are presumed to be impartial, and the party alleging disqualification bears the burden of proving that a juror was partial or that reasonable doubt exists regarding the juror's impartiality. *Miller*, 482 Mich at 550. The impaneling of a jury is governed by MCR 2.511, which allows excusing jurors either for cause or through peremptory challenges. MCR 2.511(D) provides, in relevant part, that a potential juror may be challenged for cause when he or she "(2) is biased for or against a party or attorney; [or] (3) shows a state of mind that will prevent the person from rendering a just verdict[.]" Further, under MCL 600.1337, if the trial court finds that a potential juror is not qualified, the court must discharge that person from jury service. MCL 600.1354(1), however, provides in relevant part as follows:

> Failure to comply with the provisions of this chapter shall not . . . affect the validity of a jury verdict unless the party . . . claiming invalidity has made timely objection and . . . demonstrates actual prejudice to his cause and unless the noncompliance is substantial.

"A juror's failure to disclose information that the juror should have disclosed is only prejudicial if it denied the defendant an impartial jury." *Miller*, 482 Mich at 548. In *Miller*, our Supreme Court held that the trial court did not abuse its discretion by denying the defendant's motion for a new trial because the defendant offered no evidence that the juror lacked impartiality or that the defendant suffered actual prejudice. *Id.* at 552-553. The Court explained that there existed "no evidence that this juror improperly affected any other jurors." *Id.* at 554.

In this case, despite defendant's assertion that it would have been impossible for Juror No. 11 to serve as an impartial juror, he failed to present any evidence to establish Juror No. 11's partiality. Juror No. 11 testified that he intended to "rule fairly," that he focused on the trial and "not what [he] did as a counselor," and that "what [he] perceived of [defendant he] learned through the trial." Further, Juror No. 11's testimony demonstrated that he did not attempt to improperly influence or persuade the other jurors during deliberations. This testimony was buttressed by the affidavit testimony of another juror who served on the defendant's jury. He testified that no juror provided any outside information regarding defendant and the only evidence that the jury considered regarding the case was evidence presented during the trial.

In *People v Rose*, 289 Mich App 499, 529; 808 NW2d 301 (2010), this Court considered the issue of juror bias in relation to a juror's failure to disclose during jury selection that he knew some of the victim's relatives. During the trial, the juror alerted the trial court that he might have known a potential witness from junior high school. In denying the defendant's motion for a new trial, the trial court concluded that the defendant lacked entitlement to "relief on the basis of a juror's limited knowledge of a single witness . . . who did not actually testify at trial." *Id.* at 504. The potential jurors were not asked whether they knew the particular witness and "[a]ccordingly, there was no evidence that the juror misled the court when he denied knowing any of the potential witnesses." *Id.* at 530. The defendant failed to establish the juror's impartiality or "the

prejudice required in order to warrant a new trial on the basis of [the juror's] failure to spontaneously bring up the fact that he knew some members of [the victim's] family before the trial began." *Id*. at 531. Therefore, this Court held that the trial court did not abuse its discretion when it denied the defendant's motion for a new trial. *Id*.

In this case, as in *Rose*, the trial court did not ask prospective jurors if they knew defendant's ex-wife. She was not identified as a witness nor did she testify at trial. The record does not support a finding that Juror No. 11 misled the court by not disclosing that he previously served as defendant's ex-wife's marriage counselor, and the trial court did not abuse its discretion by denying defendant's motion for a new trial on the basis that Juror No. 11 failed to spontaneously disclose that he knew defendant's ex-wife.

In reviewing a trial court's findings of fact for clear error, "regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C). A trial court's findings constitute clear error only "if the reviewing court is left with a definite and firm conviction that a mistake has been made." *Miller*, 482 Mich at 544 (quotation marks and citation omitted). In this case, the trial court found "no evidence showing that [Juror No. 11 had] any interest in helping or hurting [defendant]," and it found him "to be a very credible and believable witness, together with having no motive to say anything that's not true." Further, the trial court instructed the jury to rely only on the evidence that was presented, and to not take into account any personal knowledge they may have had about the parties or the facts of the case. "It is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Nothing in the record warrants concluding that Juror No. 11 failed to follow the instructions provided by the trial court.

The record contains no evidence that Juror No. 11 lacked impartiality and no evidence establishes that defendant suffered actual prejudice because of Juror No. 11's presence on the jury. The trial court did not clearly err in finding that defendant failed to carry his burden. Therefore, the trial court did not abuse its discretion by denying defendant's motion for a new trial.

Affirmed.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ James Robert Redford