*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JOHN HENRY LEWIS,

       Defendant-Appellant.

UNPUBLISHED
May 05, 2026
10:48 AM

No. 366385
Berrien Circuit Court
LC No. 2022-001714-FH

Before: TREBILCOCK, P.J., and BOONSTRA and LETICA, JJ.

TREBILCOCK, P.J. (*dissenting*).

I respectfully disagree with the majority that we can look past what I discern as the trial court's erroneous disregarding of MCR 6.431(B) when it denied defendant's motion for a new trial.

The mandatory nature of MCR 6.431(B) is apparent on its face: "The court *must* state its reasons for granting or denying a new trial orally on the record or in a written ruling made a part of the record." (Emphasis added.) This court rule plainly dictates that a trial court's findings of fact and conclusions of law regarding a motion for a new trial are necessary to facilitate our appellate review. That is especially important when dealing, as here, with mixed questions of fact and law, see *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011) (review of ineffective-assistance-of-counsel claims), and the ultimate review standard being abuse of discretion, see *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008) (review of motion for new trial).

All parties agree the trial court did not make any specific factual findings or legal conclusions, and rather just summarily announced that defendant "failed to establish ineffective assistance of trial counsel." That non-specific conclusion prohibits us from deciding one way or the other whether the trial court abused its discretion; simply, how can we review the trial court's denial of defendant's motion for a new trial for abuse of discretion without knowing the specific reasons the court relied upon? See *People v Leonard*, 224 Mich App 569, 580; 569 NW2d 663 (1997) ("Where the reasons given by the trial court are inadequate or not legally recognized, the trial court abused its discretion.").

Citing MCR 2.517(A)(4), my colleagues excuse the trial court's failure to adhere to the requirements of MCR 6.431(B). I agree that provision exempts trial courts from generally making factual findings and legal conclusions when resolving motions. But I cannot agree that rule applies here because the rule's entirety makes clear there is an applicable exception: "Findings of fact and conclusions of law are unnecessary in decisions on motions *unless findings are required by a particular rule.*" MCR 2.517(A)(4) (emphasis added). The "particular rule" that requires findings in this case is the one governing motions for a new trial, MCR 6.431.

In sum, I would not review the record de novo without the benefit of the trial court's first view on the facts or law. I would, therefore, remand for the trial court to articulate its reasoning for denying defendant's motion for a new trial.

/s/ Christopher M. Trebilcock