*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 21, 2025
10:51 AM

Plaintiff-Appellee,

v

No. 364685
Oakland Circuit Court
LC No. 2019-271658-FC

CHRISTOPHER ALLEN SIMONS,

Defendant-Appellant.

Before: MARIANI, P.J., and RIORDAN and FEENEY, JJ.

PER CURIAM.

Defendant appeals as of right from his conviction by a jury of assault with intent to commit murder (AWIM), MCL 750.83. He was sentenced as a fourth-offense habitual offender, MCL 769.12, to a term of 62½ to 100 years. We affirm.

Codefendant Jessica Kropiewnicki ("Kropiewnicki") was romantically involved with both defendant and Aleksander Malec ("Aleksander") in May 2019. After defendant believed that Aleksander came to his home and tried to break into it and was stalking Kropiewnicki, defendant wanted to threaten and beat up Aleksander to keep him away. Defendant devised a plan with Kropiewnicki for Aleksander to meet her and go for a walk along a secluded trail in Lyon Township, Michigan, on May 4, 2019. Defendant also enlisted Aaron Wilson to assist him, and defendant and Wilson hid along the trail. Aleksander was assaulted as he was walking along the trail and he suffered severe injuries, primarily to his brain, when defendant struck him in the head repeatedly with a metal baseball bat. Aleksander suffered other injuries when he was kicked and punched and when defendant hit Aleksander's legs and feet with the baseball bat.[1]

---

[1] Aleksander suffered a "massive infection that ate out part of" his jaw, a cracked tooth, he a loss of 95% of the hearing in his right ear, and four major seizures and some mini seizures. He had damage to his right hand and arm that caused tremors as well as a loss of grip and feeling in the right hand plus less prominent tremors in the left arm. As a result, he could not drive or work, he cannot live or be left alone, and he needed his mother to manage his medications.

In addition, to the physical assault, defendant destroyed Aleksander's cellular telephone so he had no way to call for help. He was able to make his way to a nearby house and, because no one was at home, Aleksander broke into the house to seek shelter. He passed out and was discovered the next morning when the homeowners returned and found him in the bathroom. At trial, defendant testified and admitted to striking Aleksander with the bat, but denied that he intended to kill him.

## I. STANDARD OF REVIEW

On appeal, defendant challenges the trial court's scoring of multiple offense variables (OV) under the sentencing guidelines. A timely objection preserves an issue regarding the scoring of the sentencing guidelines for appellate review. *People v Ackah-Essien*, 311 Mich App 13, 35-36; 874 NW2d 172 (2015). Defendant raised timely objections at sentencing to preserve all of his challenges on appeal.

The standard of review involving the sentencing guidelines is as follows:

Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (footnotes omitted).]

A finding is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been made. *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008).

## II. OV 6

Defendant argued that the facts did not support scoring OV 6 at 50 points, involving the intent to kill. Because defendant only intended to scare Aleksander and threaten him about coming around defendant's house, defendant argued that it should have been scored at 10 points because defendant was acting out of an extreme emotional state caused by adequate provocation. Defendant alternatively argued that the court should score OV 6 at 25 points if the court found that defendant had an unpremeditated intent to kill or other intent.

The trial court kept OV 6 at 50 points:

With regard to OV-6, this is scored at 50. The Defendant wants it scored at ten. The jury did find that there was intent to kill. The Court also notes that this was premeditated, that the Defendant and his friends were masked, that they came with bats and brass knuckles, and that the OV-6 is appropriately scored at 50.

MCL 777.36 provides as follows:

(1) Offense variable 6 is the offender's intent to kill or injure another individual. Score offense variable 6 by determining which of the following apply

and by assigning the number of points attributable to the one that has the highest number of points:

> (a) The offender had premeditated intent to kill or the killing was committed while committing or attempting to commit arson, criminal sexual conduct in the first or third degree, child abuse in the first degree, a major controlled substance offense, robbery, breaking and entering of a dwelling, home invasion in the first or second degree, larceny of any kind, extortion, or kidnapping or the killing was the murder of a peace officer or a corrections officer                50 points

> (b) The offender had unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result                25 points

> (c) The offender had intent to injure or the killing was committed in an extreme emotional state caused by an adequate provocation and before a reasonable amount of time elapsed for the offender to calm or there was gross negligence amounting to an unreasonable disregard for life                10 points

> (d) The offender had no intent to kill or injure                0 points

> (2) All of the following apply to scoring offense variable 6.

> (a) The sentencing judge shall score this variable consistent with a jury verdict unless the judge has information that was not presented to the jury.

> (b) Score 10 points if a killing is intentional within the definition of second[-]degree murder or voluntary manslaughter, but the death occurred in a combative situation or in response to victimization of the offender by the decedent.

Because the jury found defendant guilty of AWIM, the jury necessarily found that defendant had an intent to kill because an actual intent to kill is an element of AWIM. See *People v Ericksen*, 288 Mich App 192, 195-196; 793 NW2d 120 (2010). Accordingly, there is no support for the argument that defendant merely intended to scare Aleksander and should have received fewer points for that reason. And, as the trial court correctly recognized, there was sufficient record evidence to support the conclusion that defendant's intent to kill was premeditated. The trial court did not err in keeping OV 6 scored at 50 points.

### III. THE REMAINING OV CHALLENGES

Defendant also challenged in the trial court, and now on appeal after the trial court rejected those challenges, the scoring of OVs 3, 5, 7, 14, and 19. But we decline to address those challenges as it is unnecessary in light of upholding the scoring of OV 6. In addition to those OVs, there are five OVs that were not challenged in the trial court. Specifically, defendant did not challenge (nor challenges on appeal) the scoring of OVs 1, 2, 4, 8, and 10. Collectively, those OVs were scored for a total of 51 points. When combined with the 50 points scored for OV 6, even if, assuming arguendo, we were to agree with defendant regarding the scoring of those remaining OVs, the total

OV points would be 101.[2]  And 101 OV points still places defendant at OV Level VI, the highest level, as Level VI is achieved with 100 points.  MCL 777.62.  As this Court stated in *People v Baskerville*, 333 Mich App 276, 302; 963 NW2d 620 (2020), a "defendant is not entitled to resentencing [where] the scoring errors do not affect the guidelines ranges under which he was sentenced."  In *Baskerville*, the Court agreed that the scores for OVs 9 and 10 should be reduced, but doing so would have no effect on the guidelines range and, therefore, no need for a resentencing. *Id.*  The same principle applies here.

## IV.  CONCLUSION

Because we uphold the trial court's scoring of OV 6 and, in doing so defendant remains at OV Level VI, there is no change in the sentencing guidelines.  Accordingly, we need not address defendant's remaining challenges to the scoring of the sentencing guidelines as he still would not be entitled to resentencing.

Affirmed.

/s/ Philip P. Mariani
/s/ Michael J. Riordan
/s/ Kathleen A. Feeney

---

[2] Notably, defendant had 211 OV points pursuant to his sentencing information report.